1830.

Bailey
v.
Inglee.

---

### BAILEY vs. INGLEE and others.

A person is a necessary party to a suit when no decree in relation to the subject matter of litigation can be made until he is properly before the court as a party; or where the defendants in the suit have such an interest in having such person before the court as would enable them to make the objection if he were not a party.

A defendant may in some cases be a proper party to a suit, although he is not a necessary party; as in the case of a fraudulent assignment of a trust fund, where the cestui que trust may at his election either proceed against the trustee alone, or may join the fraudulent assignee in the same bill.

June 7th.

THE defendants Inglee and wife brought a suit at law against the complainant and Rhodes and Balestier, who were formerly partners under the name or firm of J. Balestier & Co. on a note given by that firm to Mrs. Inglee before her marriage. After the commencement of such suit Bailey filed his bill in this cause, alleging therein, among other things, that in 1827 he withdrew from the firm; that previous thereto Rhodes assumed the payment of the note; and that on the complainant's retiring from the firm, Balestier and Rhodes covenanted with him to pay and settle all the debts of the firm. The bill also charged, that the note had been paid wholly, or in part, by Rhodes or by Balestier & Co., and that upon the failure of Balestier and Rhodes in 1828, the latter made an assignment of property or choses in action, to secure the balance alleged to be due on the note, the particulars of which assignment the complainant alleges that he was unable to state; and as to which he prayed a discovery from the defendants Inglee and wife and Rhodes. The complainant also prayed that the proceeds of the property so assigned might be applied towards the payment of the note; and that if he should be decreed to pay any balance on the note, he might be substituted in the place of In-

glee and wife as to the assigned property, and that he might also have a decree over against Rhodes and Balestier, founded upon their several agreements in relation to this note, and the general debts of the firm. The complainant prayed for a discovery as to all the matters stated in the bill, for an injunction to restrain the proceedings at law, and for general relief. The defendant Rhodes put in a demurrer to the bill for want of equity as against him.

*R. Sedgwick & D. D. Field*, for the complainant.

*D. Lord*, jun. for the defendant Rhodes.

The Chancellor. Persons are necessary parties when no decree can be made respecting the subject matter of litigation until they are before the court either as complainants or defendants; or where the defendants already before the court have such an interest in having them made parties, as to authorize those defendants to object to proceeding without such parties. There is also another class of cases where persons who are not absolutely necessary as parties may be made defendants at the election of the complainant. Thus, if a trustee has parted with the trust fund, the cestui que trust may proceed against the trustee alone *to compel* satisfiaction, or the fraudulent assignee may be joined with the trustee, at the election of the complainant.

The case before me is one in which Rhodes was a necessary party, because he was jointly liable with the complainant in the action at law on the note. Inglee and wife therefore had a right to insist that Rhodes and Balestier should be made parties, so as to make the determination complete. (*Poore* v. *Clark*, 2 Atk. 515, *Breckenridge* v. *Bullitt*, 3 Litt. R. 5.) And if they had not been made defendants, Inglee and wife might have demurred to the bill for want of parties.

The demurrer must be overruled, and Rhodes must pay the costs and answer the bill within thirty days, or an attachment must issue against him.