1836.

Field
v.
Maghee.

FIELD *vs.* MAGHEE.

The real party in interest must be a complainant in the court of chancery, and the assignee of a chose in action is not authorized to file a bill for the recovery of the same in the name of the assignor, who has parted with all his interest in the subject matter of the suit.

Where the complainant in a suit in chancery is the real party in interest, the court has no jurisdiction over third persons, who are not parties to the suit, to compel them, on a summary application, to pay the costs of the suit, or to refund monies received by them under a decree which was afterwards reversed, and which they received in consequence of their having an equitable lien upon the monies to be recovered in the suit, as security for a debt due to them by the complainant.

Whether the money collected under the decree, and paid over to such creditors of the complainant before the reversal of the decree, can be recovered back from them after such reversal ? *Quære.*

THIS was an application by the defendant to compel S. January 19. and J. Kellogg and W. Osborn to refund a sum of money which had been collected under the original decree in this cause, before it was reversed; and also to compel them to pay the costs which had been awarded to the defendant, against the complainant, on an appeal by the latter to the court for the correction of errors. The complainant was a judgment creditor of Emma Boyer; and the bill in this cause was filed to obtain satisfaction of the judgment out of her real estate, which the complainant alleged had been fraudulently conveyed to the defendant, Mary Maghee. The vice chancellor made a decree in favor of the complainant, and about $1000 was made by a sale of the land under that decree; which sum, after deducting costs, &c. was paid over, by the complainant's solicitor, to the Kelloggs and Osborn, to whom, previous to the commencement of this suit, the complainant had hypothecated his claim as security for the payment of a debt. The defendant afterwards appealed to the chancellor, and the decree of the vice chancellor was reversed; and the money which had been raised by the sale of the land, and paid over to the complainant, or his solicitor, was decreed to be restored to the defendant, with interest. The complainant afterwards appealed to the court for the correction of errors, and the decree of the chancellor was affirmed, with costs.

*William Kent*, for the defendant.

*F. B. Cutting*, for the Kelloggs and Osborn.

THE CHANCELLOR. The defendant's application is founded upon the supposition that there had been an assignment of the complainant's judgment, to the Kelloggs and Osborn, and that the suit in this court was brought in the name of Field, as a nominal complainant merely, for their benefit. If such had been the fact, it would of itself have been a perfect defence to the suit, as the complainants in this court must be the real parties in interest, where a chose in action has been absolutely assigned. That defence was set up in the answer of the defendant, but no proof was introduced to substantiate the fact, although this allegation in the answer was put in issue by the replication. For the purposes of this suit, therefore, it is settled that Field was the legal and equitable owner of the judgment for the satisfaction of which the bill was filed. Although the Kelloggs and Osborn had an equitable lien upon the monies which might be recovered in the suit, for the payment of their debt, unless Field should discharge that debt in some other manner, the nominal plaintiff was in fact the real party in interest as complainant, and this suit was properly brought by him in his own name. The Kelloggs and Osborn, therefore, were neither the nominal nor the real complainants in this court. And the court has not jurisdiction over them, upon a summary application, to compel them to refund the money received from the complainant's solicitor, or to pay the costs of the appeal in the court for the correction of errors. It is not shown that Field, or his sureties in the appeal bond, are insolvent. The defendant, therefore, has a perfect remedy by an execution against Field, or by a suit upon the bond, to obtain satisfaction for the costs of the appeal. And if the Kelloggs and Osborn are liable to refund the money received under the original decree, it can be recovered by the defendant in an action for money had and received to her use. If the decision in *Lyman* v. *Edwards*, (2 *Day's Rep.* 153,) was correct, they probably are not liable at all, and her only remedy is against Field, upon the decree

of reversal. I am, however, strongly inclined to doubt the correctness of that decision ; but as the question is not now properly before me, I do not wish to be considered as having formed a definitive opinion on this point.

The motion must be denied, but it is denied without costs.