NICHOLS *vs.* WILLIAMS.

1. In equity all suits must be in the name of the party really interested, and where the name of an agent or trustee is used, the *cestui que trust* must be made complainant with him.

2. A corporation is a necessary party to a suit in equity, brought in the name of the president, to enforce a contract signed by him as president and on behalf of the corporation.

3. A contract to give in part payment for the purchase of lands, two mortgages, without stating when they were to be paid, whether with or without interest, or at what rate of interest, is the same, practically, as a contract to pay a certain sum on *terms or credits* to be arranged between the parties, and will not be enforced for uncertainty.

4. Specific performance will not be decreed of any contract, when any material part of the terms or conditions are uncertain.

The bill states that the complainant, Nichols, on the 5th day of April, 1870, being president of the Trades Manufacturing Company, acting on its behalf and as its president, as was well known to the defendant, made a contract in writing with the defendant, Williams, which the complainant executed as president of that company, and by its authority, and that he thereby agreed with the defendant to convey to him certain lands of the company for the price of $150,000; and that Williams agreed to pay that sum by conveying four tracts of land specified, subject to certain mortgages, and valued at $90,500 above the mortgages, and by executing two mortgages upon the property conveyed to him, one for $50,000, and the other for $9500. It was not stated when these mortgages were to be payable, or whether with or without interest, or at what rate of interest; nor was it stated in the bill to whom they were to be made, except by stating that they were to be in favor of and for the benefit of the party of the first part to the agreement; the bill not stating who was the party of the first part. The parties bound themselves to perform all and singular the covenants and agreements so entered into, and agreed to pay, upon fail-

ure to perform the same, $10,000, which they did, by it, fix and settle as liquidated damages for such failure.

The argument in this cause was had upon demurrers filed to the bill. The alleged causes of demurrer were, first, the want of equity in the bill, and secondly, that the Trades Manufacturing Company was not made a party to the bill.

*Mr. W. S. Whitehead, Mr. McCarter,* and *Mr. Blake,* for demurrant.

*Mr. T. Runyon,* for complainant.

THE CHANCELLOR.

In the premises to the bill, it is stated that the suit is brought by Nichols, in behalf of the Trades Manufacturing Company. The company is in no other way made a party to the suit; this does not make it a party. It is not before the court, or under its control.

In this case Nichols, the complainant, has no interest in the suit, or in the contract. The real party in interest is the company; it is so expressly stated in the bill, which contains the allegation that Nichols executed the agreement as president of the company, acting for and on behalf of the company, as the defendant knew. An agent cannot bring suit on an agreement made by him for and on behalf of his principal, and alleged so to be at the execution of it. Nor can a president of a corporation bring suit in his own name, on an agreement signed by him as president, and entered into on behalf of his corporation. And, in equity, all suits must be in the name of the party really interested, and where the name of an agent or trustee is used, the *cestui que trust* must be made complainants with him. *Fry on Spec. Perf.,* § 147; *Story's Eq. Pl.,* § 209; *Malin* v. *Malin,* 2 *J. C. R.* 238; *Douglas* v. *Horsfall,* 2 *Sim. & Stu.* 184; *Field* v. *Maghee,* 5 *Paige* 539; *Bailey* v. *Inglee,* 2 *Paige* 278.

The company is a necessary party to this suit, and the demurrer must be sustained on the ground of its omission.

Specific performance will not be decreed of any contract

when any material part of the terms or conditions are uncertain. In this case two mortgages for large amounts were to be given, one for $50,000, the other for $9500. It is evident that some time was to be given for the payment of these, and probable that some interest was to be allowed. The time and the interest are both material. Neither is settled, both are to be ascertained by subsequent negotiations. A mortgage for $50,000, payable on demand, or one day after date, or a mortgage conditioned to pay that sum ten years after date, with no mention of interest, or with interest at two or seven per cent., would each comply with the terms of the contract stated in the bill. This is the same, practically, as a contract to pay a certain sum on *terms or credits* to be arranged between the parties. In the case of *McKibbin* v. *Brown,* 1 *McCarter* 13, Chancellor Green refused to decree specific performance of the agreement, certain in every other respect, except that the terms or credits were to be agreed upon by the parties. He construed terms or credits to mean *credits* only. The case of McKibbin *v.* Brown is the application, to facts like those before me, of the well settled doctrine above stated, which that case itself, and the authorities cited in the opinion of the Chancellor, clearly establish. It is very clearly expressed in a passage quoted by the Chancellor, from a judgment of Lord Rosslyn : "I lay it down as a general proposition, to which I know no limitation, that all agreements, in order to be executed in this court, must be certain and defined." This doctrine was acted on again in this court, in *King* v. *Ruckman,* 5 *C. E. Green* 316. In that case part of the premises to be conveyed was described in the written agreement by these words : " Also two lots of land in Hackensack township, county of Bergen;" without anything else in the contract to designate or identify them. One of the grounds of the dismissal of the bill was that this description was too uncertain ; and, although this judgment was reversed in the Court of Appeals, yet the terms in which the opinion of the court on this point was announced, affirm the doctrine. The court say : " Taking the

contract, bill, and answer together, it can be made to appear with sufficient certainty, without resorting to parol evidence, what lands were intended." In that case the certainty in the contract was not held to be immaterial, but that the uncertainty was remedied by the allegations in the bill and answer.

In this case there is no allegation in the bill on this mat-ter. There is nothing by which the court can judge even what terms as to credit and interest the complainant insists upon.

The view taken of these two causes of demurrer, makes it unnecessary to consider the other question, whether the · $10,000 stipulated for, must be considered as stipulated damages or as a penalty.

The demurrers must be sustained.