By the Court.—Freedman, J.
As the findings of fact made by the learned chief justice, who tried the case, are fully supported by the evidence given upon the trial, and consequently will not be disturbed, I am of the opinion that the conclusions of law based thereon, and especially the final conclusion that the defendants are entitled to judgment dismissing the complaint with costs, should also be upheld.
The redemption of real property from the lien of a mortgage is an ancient branch of the equitable jurisdiction of the court of chancery. In Miner v. Beekman, 11 Abb. 147; S. C., 42 How. 33, I had occasion to briefly point out the origin and growth of the system of the filing of a bill by the owner of the equity of redemption for the redemption of mortgaged premises, and, on the other hand, the filing of a bill by the mortgagee to foreclose and cut off this right of redemption. I then showed that even under the Code, which abolished the forms of former actions and conferred law and equity jurisdiction upon the same tribunals, an action for such *268 redemption still remains an action for purely equitable relief, and as such must be brought upon the. equity side of the court.
It is to be governed, therefore, by all the principles and rules which prevail in courts of equity and the trial of equity suits.
ISTow, the rule that the action must be prosecuted in the name of the real party in interest, was always the rule in equitable actions, as distinguished from actions at common law, the latter being required to be brought by the party to the contract, even though he had parted with his entire interest in it by assignment. -Chancery not only recognized the right of the assignee to bring the suit, but absolutely required him to do so. And so strict was the rule, that whenever it appeared, on the other hand, that the assignee himself was but ar nominal owner, it was held that he could not sue, but that the suit should ■ be brought by the real party in interest (Rogers v. Traders’ Ins. Co., 6 Paige, 597; Field v. Magee, 5 Paige, 539), unless indeed such assignee held such nominal interest as trustee, &c. (Story Eq. Pl. 152, note); and this is precisely the rule adopted by the Code, which, requiring the action to be brought by the real party in interest, excepts executors and administrators, trustees of an express trust as are therein defined, and persons expressly authorized by statute, who may sue alone without joining the person for whose benefit the action is prosecuted.
The defendants in this case defended upon the express ground, among others, that the plaintiff was not the real party in interest, and to be able, therefore, to maintain the action, it was necessary for' the plaintiff either to prove himself to be the bona fide legal owner of the equity of redemption, or to bring himself within one of the exceptions authorized by the code. He failed to do either.
Without descending to particulars, I think I may *269 safely say that plaintiffs’ application to a court of equity for affirmative relief in Ms own favor and for Ms own benefit, appears, upon the whole case, to be so destitute of merits as not to commend itself to the favorable consideration of the court.
The judgment should be affirmed, with costs.