VOORHEES' EXECUTRIX, appellant, *vs.* MELICK, respondent.

1. Estimates as to the value of property must be demonstrably erroneous to induce the court to interfere with them on appeal.

2. When property is sold by a trustee in violation of the terms of the trust, equity will hold such trustee responsible for the highest value of such property.

3. The non-joinder of parties, whose absence simply renders the defendant liable to a revival of the litigation, cannot, as a general rule, be taken advantage of at the final hearing.

---

The opinion of the Vice-Chancellor is reported in 9 *C. E. Green* 306

*Mr. G. A. Allen,* for appellant.

*Mr. Linn,* for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

This bill was filed by Peter Melick against Peter E. Voorhees. The controversy arose out of this state of facts. The complainant, being in debt, conveyed to the defendant his farm, to be sold " as soon as possible to the best advantage," the proceeds to be applied, in the first place, to the payment of three mortgages then upon the property, and the residue, if any, to the settlement, pro rata, of three specified debts; one to John Rinehart, a second to one John Lane and the defendant, and a third to said John Lane, individually: the remainder, if any, was to be paid over to the complainant. The bill alleges that, after considerable delay, the defendant sold the property, and the object of the suit was to call him to account with respect to the moneys realized as rents or on the sale, or which, with due diligence, should have been realized. During the pendency of the proceedings the defendant, Peter E. Voorhees, died, and his executrix was substituted in his stead. On the argument before this court, a very strained exception was taken to the regularity of this substitution; but, as the fact upon which it rests is contradicted by the record, the proceedings and by the decree itself, it is not necessary further to give it attention.

The case was argued before the Vice-Chancellor, and, as it clearly appeared that the trustee had disposed of the premises in direct violation of the conditions of the conveyance to him, the decree held him to a strict account, and charged him with the full value of the property. The propriety of this holding was but faintly questioned on the argument before this court, and in my judgment the principle adopted was entirely unexceptionable. Nor do I think there is any ground for the interference of this court to be found in the estimate made in the Court of Chancery with respect to the value of the lands, or the sum which, in the form of rents,

should have been realized. When dealing with mere valuations, which are pure matters of judgment, and to which no certain tests of truth can be applied, a very clear demonstration of error should be required to induce a superior court to displace the judgment reviewed, in order to substitute its own conclusions.

The objection which was most pressed was the one relative to an alleged non-joinder of parties to the suit. It was insisted that Rinehart and Lane, the two creditors whose debts are secured by the conveyance in question, in the event of the avails of the property being sufficient for that purpose, are necessary parties. It is obvious that these persons are interested in this suit, but it is also obvious that their rights will not be either jeoparded or impaired by any decision which can be made in their absence. The complainant is in court seeking the residue of the funds after the payment of all the enumerated debts, the claims of these two creditors inclusive. If he prevails, the moneys coming to these two creditors will be left in the hands of the defendant for them. Such a decree cannot operate injuriously on their interests. Nor are they here complaining that they have not been joined in these proceedings, but it is the defendant who complains, and who has just ground to complain. It will certainly be a hardship upon the trustee to have a decree made in the absence of these parties, because it will leave him open to a second suit, involving the same substantial issues. Either of the creditors thus omitted can call for an account under this trust. If then the defendant had objected to this obvious defect in time, he must have prevailed. But this he did not do, and now, for the first time, raises his objection on this appeal. Even if a final decree had been rendered in the Court of Chancery, I do not think that the practice of the court would permit us to listen, at this stage of the proceedings, to this complaint. The well settled rule was recognized and enforced by this court, in the case of *Cutler* v. *Tuttle*, 4 *C. E. Green* 556, and was stated in the opinion there read, in these words, viz.: "Where the defendant neglects to make the

objection by plea, answer or demurrer, of the want of parties who are only necessary to pretect him from further litigation, the court, in its discretion, may refuse to sustain the objection at the hearing, or to require the complainant to add new parties in that stage of the suit." I think it may be said that the non-joinder of parties, whose absence simply renders the defendant liable to a revival of the litigation, cannot, as a general rule, be taken advantage of at the final hearing. That rule is evidently applicable in the present instance. Even if a final decree should go against the defendant in the present form of the suit, such incomplete judgment would be the product of his own neglect. But the proceedings, as they now stand, do not necessitate such an unsatisfactory conclusion. The present decree is but interlocutory, so that, by the order of the Chancellor, these omitted parties can be joined. This can be done even before the order of reference is executed by the master.

I think the decree appealed from should be affirmed, with costs.

Decree unanimously affirmed.