## THE PENNSYLVANIA AND NEW ENGLAND R. R. CO.

*v.*

### WILLIAM RYERSON et al.

A railroad company, the complainants, had located their line over part of defendant's farm, but needed more of defendants' land for a depot &c. The defendant refused to sell the quantity required, but offered to sell the whole farm. The complainants, prohibited by their charter from buying any more land than was actually necessary for railroad purposes, engaged one Lewis to

buy the whole farm, and advanced the money to him for that purpose, under an agreement that Lewis should convey so much of the farm to the complainants as they required, and the remainder of the farm to one Babbitt. Lewis thereupon agreed orally with the defendant to buy the whole farm (the defendant, as the bill alleges, being cognizant of the whole transaction), and the written agreement therefor was to be signed and the deed delivered in ten days, the defendant being then absent. Lewis took possession of the whole farm at once, and delivered to complainants possession of the part they needed. Afterwards defendant refused to convey the farm to Lewis. On a bill for a specific performance filed by the complainants to compel defendant to convey the whole farm to Lewis, or so much thereof as complainants need, to them—*Held,* that Lewis was a necessary party to the suit, but Babbitt was not.

Bill for specific performance. On demurrer. Submitted on briefs of counsel.

*Mr. J. W. Taylor,* for demurrants.

*Mr. L. Cochran,* for complainant.

THE CHANCELLOR.

The demurrer states two grounds—want of necessary parties and want of equity. The bill is for specific performance of an oral agreement made, as alleged by the complainants, with one Samuel E. Lewis, for the sale and conveyance to him of a farm in Sussex county. The bill states that the complainant had located its railroad over land of William Ryerson; that it became necessary for it to have not only a right of way over that land, but also part of an adjoining tract owned also by him, for its use for a depot and other necessary purposes in connection with the construction and use of its railroad; that to obtain the needed land for all those purposes it applied for it to him and his agent, Thomas Ryerson, who, according to the bill, claims to have some interest in or control over the property; that the Ryersons were unwilling to sell the quantity of land which the company wanted to buy, but were willing to sell the whole farm; that the company, being prohibited by law from buying any more of the property than was necessary for railroad purposes, made an arrangement with Samuel E. Lewis to buy the whole

8

farm from William Ryerson, or his agent, Thomas Ryerson, and to convey to it so much thereof as it might need for its purposes, at a price proportionate to the whole cost, and the rest of it to Robert O. Babbitt, who agreed (the bill does not state with whom) to purchase, pay for and take the title thereto; that, in accordance with such understanding, which the bill says existed between the company and Lewis and Babbitt, the company advanced money to Lewis (the bill does not say how much) for the purpose of securing its title to that part of the property which it needed, and instructed him to purchase the whole of the property for it and Babbitt; that Lewis accordingly entered into an agreement with William Ryerson, or his agent, Thomas Ryerson, for the purchase of the property by him in his own name for $1,800, and that the Ryersons then well understood that the purchase was made mainly in behalf of the complainant, and that it was necessary or desirable that it should have immediate possession. The bill further states that it was understood between Lewis and Thomas Ryerson, agent of William, that a memorandum of the agreement for sale should be drawn up and signed, and $100 paid on account of the price, and that the deed should be delivered to Lewis in ten days (William Ryerson was then absent from home on a visit), and that the balance of the purchase-money should be paid on the delivery of the deed; that Thomas Ryerson directed Lewis in the meantime, and before the memorandum of agreement could be prepared, or the $100 paid, to take possession of the property, so that possession could be given to the company of the part which it needed for its purposes; that possession of the same was taken by Lewis accordingly, who delivered to the complainant possession of the part which it required; that, though a memorandum of agreement was made and the $100 tendered to Thomas Ryerson the next day after the oral bargain was made, he refused to sign the agreement unless $500 instead of $100 were paid, and that when Lewis, according to the demand, tendered himself ready to pay the $500, the Ryersons refused to accept the money and execute the agreement, or convey the property, alleging that they had agreed to sell the property to

another person, William S. Dunn, who had offered a higher price.

The bill further states, on information and belief, that the Ryersons have in fact conveyed the property to Dunn, who is trustee for some other railroad company. The bill prays specific performance of the agreement as made with Lewis, and for a conveyance of the farm to him accordingly, or for the conveyence to the company of the part which it requires for its purposes (described in the bill), at a price proportionate to the price agreed to be paid for the whole property, and it prays relief generally.

The parties to the suit are the railroad company, sole complainant, and the Ryersons and Dunn, defendants. The defendants assign for cause of demurrer that Lewis and Babbitt are necessary parties, and that on the statements of the bill the complainant has no such interest in the agreement as to enable it to maintain the suit. According to the statements of the bill, the complainant, being debarred by law from making the purchase of the whole property, agreed with Lewis that he should buy it and convey to the company the part it wanted and the rest to Babbitt, who had agreed to take it and pay for it, and it advanced money to him to enable him to make the purchase. It asks this court now to compel performance of the agreement which was made, as it itself states, by the Ryersons, not with it but with Lewis. Without suggesting any objection to the bill other than such as are stated in the demurrer (none other is presented in the brief of counsel), it is enough to say that on the statements of the bill it is obvious that Lewis is a necessary party. Viewing the case in the most favorable aspect to sustain the bill (and indeed the aspect referred to is the only one in which it can be sustained at all), the case stands thus: The company, prohibited by law from making the purchase and seeking to evade the effect of the prohibition itself, bought the farm through Lewis as its agent, and though he was put forward as the purchaser it was merely as a subterfuge. Without passing on the merits of the case as thus presented, and ignoring all objections except such as are discussed in the briefs, it is, as before

stated, manifest that the bill cannot be maintained for want of Lewis as a party. He contracted in his own name, and where an agent contracts in that way both he and his principal must be parties to a suit for specific performance. *Fry on Spec. Perf.* § *148; Pom. on Con.* § *485; Nichols* v. *Williams, 7 C. E. Gr. 63; Cope* v. *Parry, 2 J. & W. 538.* Persons are necessary parties where no decree can be made respecting the subject matter of litigation until they are before the court either as complainants or defendants; or where the defendants already before the court have such an interest in having them made parties as to authorize those defendants to object to proceeding without those parties. *Bailey* v. *Inglee, 2 Paige 278.* Here the seller clearly has the right to have Lewis made a party. But Babbitt is not a necessary or proper party. The demurrer will be sustained.