ROBERT M. HUNTER,

*vs.*

EDWARD S. MCCARTHY.

*New Castle, Feb. 28, 1944.*

*Joseph Donald Craven,* for complainant.

*Ivan Culbertson,* for defendant.

HARRINGTON, Chancellor: Robert M. Hunter, the complainant, seeks a decree for the specific performance of a written contract, not under seal, dated June 7th, 1943, whereby the defendant agreed to sell and convey to him, "or his assigns," a lot 100 by 125 feet, at the corner of Lancaster and Gray Avenues, in the City of Wilmington, "with the buildings erected thereon and all fixtures thereon owned by the seller." A gas filling station was erected on the lot. The agreed price was $7,000, $500 of which was paid on the execution of the contract. The balance of $6500 was to be paid in cash on the delivery of the deed. The contract also provided:

"It is mutually agreed by all parties to this contract that possession of said property is to be given by present owner on or before Sept. 1, 1943 otherwise deposit returned and agreement cancelled."

When the contract of sale was made, the complainant knew that the property covered by it was in the possession of a tenant, but he did not know that by a supplemental agreement, dated November 4th, 1941, the defendant had extended the lessee's original term to five years from April

4th, 1943. This was first disclosed at the hearing. The complainant is, nevertheless, willing to accept a deed for the property, and to pay the balance due on the agreed purchase price, but the defendant refuses to convey. The defense pleaded is that he could not give possession on September 1st, 1943; but the provision for the cancellation of the contract could not have been intended for the seller's benefit, and he cannot rely on it to justify his failure to convey the property. He would be assumed to know the rights of his tenant, and whether he could give possession by the agreed date. The only reasonable inference is that that provision of the contract was solely for the benefit of the buyer, and can, therefore, be waived by him, and a conveyance of less than he bargained for demanded. *Moskow v. Burke*, 255 *Mass.* 563, 152 *N.E.* 321; *Medoff v. Vandersaal*, 271 *Pa.* 169, 116 *A.* 525; *Singer v. Murphy*, 338 *Ill.* 620, 170 *N.E.* 777. No rights of the defendant would be prejudiced thereby; moreover, his good faith is not beyond question. When he executed the contract of sale, he knew that he was bound by a long-term lease on the property in question.

But the complainant is not entitled to a decree. The contract was made in his own name, but at the hearing it appeared that he was merely acting as the agent for the estate of the late Alfred I. duPont. A mere agent, in whose name a contract for the purchase of real estate is made, for the sole benefit of another, cannot maintain a bill for its specific performance. *Pennsylvania, etc., R. Co. v. Ryerson*, 36 *N.J. Eq.* 112; *Nichols v. Williams*, 22 *N.J. Eq.* 63; 20 *Ency. Pl. & Pr.*, 429; 58 *C.J.* 919, 1140. No bill in equity can be maintained without the real interested person being a party to the action. *Nichols v. Williams, supra; Small v. Attwood*, 159 *Eng. Reprint* 1051; *Fry, Specif. Perf.* 121; 20 *Ency. Pl. & Pr.*, 429. That defect is usually taken advantage of by demurrer, or by plea or answer, but if it first appears at the final hearing, the question can often be

raised then. *Story's Eq. Pl.,* §§ 236, 237, 541. The defendant contends that the bill should be dismissed for lack of parties; probably that could be done without prejudice, but there seems to be no real reason why the proceedings should not stand over in order that the bill may be amended. *Id.* See also *Jennings v. Springs, Bailey Eq., (S.C.)* 181; *Stephens v. Frost,* 2 *Younge & Coll.* 297; *Steinberg v. Kasdin,* 128 *N.J. Eq.* 503, 17 *A.* 2d 284. Moreover, *Rule* 49 of this court provides that "Amendments to pleadings, when application therefor is made with diligence, will be granted in furtherance of justice and on such terms as the Chancellor may impose."

An order to that effect will be entered.