WILLIAM A. SCHENCK, ERNEST F. W. WILDERMUTH and HENRY KRINSKY,

*vs.*

THE SALT DOME OIL CORPORATION, a corporation of the State of Delaware.

*New Castle, April 6, 1944.*

55

*Collins J. Seitz,* of the office of Southerland, Berl & Potter, for complainants.

*Caleb S. Layton*, of the firm of Richards, Layton & Finger, for defendant.

HARRINGTON, Chancellor: The real beneficial owners are the essential parties to a suit in equity. *Hunter v. McCarthy, ante p.* 27, 36 *A.* 2d 261; 30 *C.J.S., Equity*, § 135, *p.* 567. See also *Walker v. Caldwell*, 8 *Del. Ch.* 91, 67 *A.* 1085. But as a general rule, though the complainants have all of the equitable rights in the matters in controversy, the legal owners should also be made parties in order that they may be bound by the decree and to prevent any possible annoyance to the defendant by subsequent actions at law. 1 *Daniell's Ch. Pl. & Pr.* (6 Amer. Ed.) *\*p.* 193; *Cutler v. Tuttle*, 19 *N.J. Eq.* 549; see also *President, etc., of Farmers', etc., Bank v. Polk*, 1 *Del. Ch.* 167; *Bay. Newfoundland Co. v. Wilson & Co.*, 24 *Del. Ch.* 288, 11 *A.* 2d 278. It is under this theory that the trustee of either an express or imp'ied trust is usually required to be made a party to an action brought by the *cestui que trust*. 1 *Daniell's, supra;* 30 *C.J.S., Equity*, § 135, *p.* 567. The complainants concede this general rule, but deny its application to this case.

When the lack of essential parties is not disclosed to the defendant until the final hearing, and there is no lack of diligence, that defect can usually be taken advantage of then. *Hunter v. McCarthy, supra; Van Doren v. Robinson*, 16 *N.J. Eq.* 256; 21 *C.J.* 329, 330; 30 *C.J.S., Equity*, § 155. But unnecessary delay in raising a question relating to parties is not favored, and, if made at the final hearing, can seldom be taken advantage of, unless the absent parties are clearly indispensable to the prosecution of the action. *Voorhees' Ex'x. v. Melick*, 25 *N.J. Eq.* 523. *Cutler v. Tuttle, supra;* 21 *C.J., supra;* 30 *C.J.S., supra.* When, therefore, the failure to join some appropriate but not indispensable parties may render the defendant liable to a possible subsequent revival of the litigation in some form, as a general rule that defect cannot be taken advantage of at the final

hearing by motion to amend the answer, or otherwise. *Voorhees' Ex'x. v. Melick, supra; Cutler v. Tuttle, supra;* 21 *C.J.* 330; 30 *C.J.S., Equity,* § 155. This is particularly true when the alleged defect is disclosed by the complainant's bill, and could have been raised at an earlier stage of the case. The mere record holders of corporate stock, who are not the real owners of the certificates, come within that rule. See *Chadwick v. Parkhill Corp.,* 16 *Del. Ch.* 105, 141 *A.* 823. At the most they are mere nominal owners, or technical trustees of a dry trust (*In re Giant Portland Cement Co.,* 26 *Del. Ch.* 32, 21 *A.* 2d 697), and, while proper parties, are not real essential parties to the prosecution of the action. See *Chadwick v. Parkhill Corp., supra;* 30 *C.J.S., Equity,* § 148, *p.* 586. Moreover the proven facts indicate that neither Guido Pantaleoni, Jr.,[1] nor Berberich & Co. has any greater rights in the controversy (see *Subers v. Continental Securities Co.,* 12 *Del. Ch.* 236, 111 *A.* 433); but the complainants concede that should a final decree be entered in their favor, it may be drawn so as to save even any possible rights of the record holders of the stock against them. *Chancery Rule* 115.

Out of abundant caution that suggestion will be adopted.

The defendant's motion for leave to amend its answer is denied, and an order will be entered accordingly.

---

[1] At the hearing the statement was made that Guido Pantaleoni, Jr., was a prisoner of war.

NOTE. Upon appeal from an order appointing appraisers after filing the foregoing opinion, the appointment was reversed and the case remanded. See *post p.* 433, 41 *A.* 2d 583.