In the Matter of the Application

of

GENERAL REALTY & UTILITIES CORPORATION, a Delaware
corporation, the surviving corporation under an agree-
ment of merger, for an appraisal pursuant to Section
61 of the General Corporation Law of the State of Dela-
ware of the value of certain shares of its formerly au-
thorized preferred stock.

*New Castle, April 5, 1945.*

*Aaron Finger,* of the firm of Richards, Layton & Finger, and *Jule E. Stocker* and *Milton S. Schnur,* of the firm of Chadbourne, Wallace, Parke & Whiteside, of New York City, for petitioner.

*Joseph Handler,* and *Joseph Rogers,* of New York City, for claimant.

PEARSON, Vice-Chancellor: In August 1944, petitioner's directors entered into a merger agreement and called a special meeting of stockholders, to be held on September 26, "for the purpose of considering and voting upon such Agreement of Merger." They fixed September 5 "as the record date for the determination of the holders of Preferred Stock * * * entitled to vote at the Special Meeting." On and prior to September 5, the claimant Carton owned 300 shares of preferred stock registered in his name. A certificate for 10 of these shares was held by a brokerage firm in a margin account. It appears from the claim that on September 13, the brokers, "unknown to this claimant and contrary to express instructions, transferred the aforesaid ten shares of preferred stock to their own name of record, but this claimant continued to be the owner thereof" and has so remained at all times since. The day before the stockholders' meeting, the claimant filed a written objection to the merger, and subsequently filed a written demand for payment. In each, he asserted that he was "the owner and record holder" of 300 shares, although, as indicated above, he was then the record owner of only 290 shares, since 10 shares previously owned had been transferred of record to the name of the brokerage firm. Petitioner denies that Carton is entitled to an appraisal and payment with respect to more than the 290 shares of which he was the record owner

at the time of the meeting on September 26, or at the time he undertook to proceed under the statute to obtain an appraisal and payment of his shares. Thus, the dispute is confined to the 10 shares registered in the name of the brokers.

Referring to the statute as is existed prior to the most recent amendment, our Supreme Court has held that "only the registered holder of stock is a 'stockholder' within the sense of the word as used in *Section* 61 of the law, entitled to object to a proposed agreement of merger." *Salt Dome Oil Corp. v. Schenck, post p.* 433, 41 *A.* 2d 583, 589. The reasoning of the court, and hence the rule, are applicable to *Section* 61 as presently amended. However, the claimant contends that he is within that rule because he was the registered holder of the 10 shares on the "record date" for the stockholders' meeting. The resolution fixing the record date sets forth expressly but a single purpose for so doing, namely, the determination of the stockholders entitled to vote at the meeting. The directors did not attempt, in terms, to fix a date for the determination of persons entitled to the benefits of the appraisal statute. The claimant has suggested no persuasive reason for implying such an unexpressed purpose.

Carton asserts that the brokerage firm obtained a record transfer of the shares contrary to instructions, and that the beneficial ownership remained in him. It is implicit in the argument of the solicitors that the corporation was not apprised of this, but, on the contrary, that the old certificate in Carton's name was endorsed for transfer and that the corporation acted in good faith in accepting it and issuing a new certificate in the name of the brokers as the absolute owners.. I conclude that the claimant, not being a registered stockholder when he attempted to take the affirmative steps required by the statute, is not entitled to an appraisal and payment with respect to the 10 shares.

An order accordingly will be advised.