ROBERT F. LEWIS,

*vs.*

CORROON & REYNOLDS CORPORATION.

*New Castle, March 3, 1948.*

*William H. Foulk,* for petitioner.

*Howard Duane,* (*William Rosenfeld,* of New York City, of counsel), for claimants.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for defendant.

SEITZ, Vice-Chancellor: I must determine the right of certain common stockholders to have an appraisal of their shares under *Section* 61 of the *General Corporation Law of Delaware. Rev. Code* 1935, § 2093.

Prior to August 23, 1946, the directors of Corroon & Reynolds Corporation (hereinafter called the "corporation") and the directors of its wholly owned subsidiary Corroon & Reynolds, Inc. of Philadelphia had entered into an agreement of merger. On or about August 23, 1946, a notice of a special meeting of stockholders of the corporation was sent to all stockholders advising them of a meeting to be held on September 26, 1946 for the purpose of taking the agreement of merger into consideration. The notice stated, *inter alia,* that

"The Board of Directors had fixed August 21, 1946 as the record date for the determination of the stockholders entitled to notice of and to vote at the meeting."

The stockholders' meeting originally scheduled for September 26, 1946 was adjourned to October 16, 1946, on which date an approval of the merger was voted. After this vote, the merger agreement was filed in the office of the Secretary of State on November 18, 1946, and duly recorded on the same date.

This opinion is not concerned with the rights of any holders of preferred stock. Generally speaking, two aspects of the appraisal statute are involved and they will be discussed separately.

Two stockholders seeking an appraisal (Carton and Corwen) are in the same pertinent legal and factual position, except that as to Corwen only 1100 shares are involved. While one of them is represented by counsel, I assume that my decision will apply to both claims. Carton and Corwen both became stockholders of record after the date set in the notice to stockholders as the record date for determining those entitled to vote on the agreement of merger (August 21, 1946). However, they were registered stockholders when they made their objections and later their demands for payment.

The corporation contends that in order to be entitled to an appraisal a stockholder must be a registered stockholder at the record date set by the board of directors for determining those entitled to vote on a proposed merger. Counsel for the stockholder Carton contends that both Carton and Corwen are entitled to an appraisal because they have fully complied with the provisions and requirements of the appraisal statute.

The respective contentions of opposing counsel require a consideration of the meaning of "stockholder" as used in *Section* 61. *Section* 61 says, in effect, that any stockholder who objects in writing to a merger before the vote

thereon, and whose shares are not voted in favor of the merger, and who within twenty days after the merger is filed and recorded demands payment in writing for his stock may obtain an appraisal. What "stockholder" is contemplated by the language of the statute? The Supreme Court of Delaware has already said that he must be a registered stockholder. *Salt Dome Oil Corporation v. Schenck,* 28 *Del. Ch.* 433, 41 *A. 2d* 583, 158 *A.L.R.* 975. The question now is whether he must be a registered stockholder at the record date set to determine those entitled to vote on the merger, or whether it is sufficient if he is a registered stockholder by the time his written objection is required to be made.

A reading of the appraisal statute reveals two things which are here pertinent. One, the record date is not mentioned. Two, a stockholder in order to qualify for an appraisal need not vote against the proposed merger. The only requirement voting-wise is that such a stockholder must not vote in favor of the merger if he intends to qualify for an appraisal of his shares.

The corporation contends that since *Section* 17 of the *General Corporation Law, Rev. Code* 1935, § 2049, authorizes the board of directors to set a record date for determining those entitled to vote on a merger, the corporation is also authorized to treat the record date as the date for determining the stockholders entitled to an appraisal under *Section* 61[1] (assuming performance of the subsequent requirements). The claimants on the other hand insist that under *Section* 17 the board did not have the right to fix a record date which could be used to determine those stockholders who were entitled to an appraisal. Additionally, they point out that the board of directors here purported only to set the record date for the purpose of determining those entitled to vote on the merger and for no other purpose.

---

[1] I know of no by-law of this corporation which is relevant to the determination of this issue.

The argument that the record date was anymore than the qualifying date for voting purposes—especially since the directors so identified it—must fall in the light of the court's opinion in *Application of General Realty & Utilities Corporation*, 28 *Del. Ch.* 284, 42 *A.* 2d 24, 25. While the factual situation in that case was not the same as here, nevertheless, the reasoning of the court in disposing of the case is equally persuasive here. There, the stockholder had been the registered owner at the record date, but a transfer out of his name had been made on the corporate books before the meeting. Consequently, while he was a registered stockholder at the record date, he was not so at the time he purported to comply with the objection and demand provisions of the statute. The court had this to say of the record date:

"* * * the claimant contends that he is within that rule [that only a registered stockholder is entitled to an appraisal] because he was the registered holder of the 10 shares on the 'record date' for the stockholders' meeting. The resolution fixing the record date sets forth expressly but a single purpose for so doing, namely, the determination of the stockholders entitled to vote at the meeting. The directors did not attempt, in terms, to fix a date for the determination of persons entitled to the benefits of the appraisal statute. The claimant has suggested no persuasive reason for implying such an unexpressed purpose."

It thus appears that the court confined the "record date" to the purpose stated by the directors, viz., qualifying date for voting purposes. The same stated purpose appears here and "no persuasive reason for implying" a broader purpose is advanced, especially since the appraisal statute recites that those who have complied with its provisions are entitled to an appraisal.

Certain it is that these two stockholders have met the literal requirements of the appraisal statute. Should the requirement that they be registered owners on the record date be read into the appraisal statute? I can find no necessary connection here between the requirements for an appraisal and the record date for voting on a proposed

merger since a stockholder seeking an appraisal need not vote at all. It would be necessary for this court to write into the appraisal statute an additional prerequisite to an appraisal in order to support the corporation's contention that a stockholder in order to be entitled to an appraisal must be registered at the record date. The statement of the problem supplies the answer.

The corporation argues about the various implications inherent in permitting a stockholder to become a registered stockholder after the record date in order to qualify for an appraisal. However, leaving aside the question of the authority of the corporation by resolution to fix the record date as the date for determining those entitled to qualify for an appraisal (assuming compliance with the other requirements), the answer to the corporation's argument, if any be needed, is found in the power given the corporation by *Section* 17 to close the stock transfer books during the period between the record date and the date of the meeting. The corporation elected to fix a record date in lieu of closing the stock transfer books and it must accept the consequences of that election. Other policy arguments made by the corporation are more properly addressed to the Legislature.

Consequently, I conclude that the claimants have complied with the provisions of *Section* 61 and have become entitled to the valuation of and payment for their shares.

We come now to a group of nine stockholders whose right to an appraisal is resisted by the corporation on various grounds. One objection raised by the corporation is that these stockholders made the statutory demand for payment through an agent, and that no evidence of the agent's authority was submitted within the required time. Since this objection is common to all the claims in this group, I shall narrate the facts pertinent to a determination of that issue.

I shall first dispose of a contention made by three of these stockholders (Jacob and Sally Weinstein and Sylvia

Lichtman) which is somewhat akin to the principal point. These three stockholders personally signed written objections to the merger on stationery of one William Rosenfeld, an attorney, who thereupon enclosed them in a letter which he wrote to the corporation. After the merger agreement had been approved and filed, the same William Rosenfeld, purportedly as their agent, made a written demand for payment within the statutory time, without submitting evidence of his authority. These claimants contend that the evidence just narrated was a sufficient showing that William Rosenfeld was their authorized agent at the time he made demand for payment on their behalf. I conclude that such acts did not supply the corporation with proper evidence of Mr. Rosenfeld's authority to make the subsequent statutory demand for payment as their agent. The three original objections also contained demands for payment, but I think it clear under *Stephenson v. Commonwealth & Southern Corporation,* 18 *Del. Ch.* 91, 156 *A.* 215, affirmed 19 *Del. Ch.* 447, 168 *A.* 211, that a separate demand for payment must be made after the merger is recorded, and it is not sufficient that such a demand is incorporated in the written objection made prior to the vote on the proposed merger.

Returning now to the situation common to all the nine stockholders, we must assume for purposes of the decision on this point that all such stockholders fulfilled the first two requirements of the appraisal statute, namely, that they objected in writing to the proposed merger and did not vote in favor of it.

The agreement of merger was filed and recorded on November 18, 1946. By letter dated December 3, 1946, William Rosenfeld, styling himself as attorney and attorney in fact for certain registered common stockholders whose names and addresses were listed, objected on their behalf to the merger and demanded payment for their stock. By letter dated December 30, 1946, the corporation acknowledged receipt of Mr. Rosenfeld's letter of December 3 and stated that it would be necessary for him to submit to the

corporation for examination before January 6, 1947, the evidence of his authority to act as attorney in fact. By letter dated December 31, 1946, Mr. Rosenfeld advised the corporation that in his opinion he was not required at that time to submit evidence of his authority to act as attorney in fact.

According to the testimony, shortly after December 31, Mr. Rosenfeld called upon an officer of the corporation and said that he had found out that he was mistaken in his understanding that an attorney could act in this situation under Delaware law without submitting evidence of authority. He thereupon tendered evidence of his authority to act for certain of the stockholders and promised to forward evidence as to the remaining stockholders as soon as it was obtainable. Subsequently, by letters dated January 8 and 9, 1947, he enclosed photostatic copies of powers of attorney from three of the remaining stockholders.

In order to qualify for an appraisal of his shares under *Section* 61 of the *General Corporation Law* a stockholder must—among other things—"within twenty days after the date on which the agreement of consolidation or merger has been filed and recorded, as aforesaid, demand in writing from the corporation resulting from or surviving such consolidation or merger, payment for his stock."

Since the merger agreement was recorded November 18, 1946, the last day for making a written demand for payment was twenty days after that date, to wit, on December 9, 1946 (December 8 being a Sunday). It is not disputed that Mr. Rosenfeld's letter of demand on behalf of the nine stockholders was mailed and received before December 9, 1946. There was compliance, therefore, with the requirement of the appraisal statute as to when the written demand must be made. Moreover, it is settled in this court that an agent may make such a demand. See *In re Universal Pictures Company, Inc.*, 28 *Del. Ch.* 72, 37 *A.* 2d 615, 621; *Friedman v. Booth Fisheries Corporation,*

28 *Del. Ch.* 211, 39 *A.* 2d 761. However, an attorney acting as agent stands in no better position in this situation than any other person, and must, therefore, submit evidence of his authority. *Friedman v. Booth Fisheries Corporation, supra,* and see *In re Universal Pictures Company, Inc., supra.*

The corporation contends, however, that the evidence of the agent's authority, in order that the demand may be effective, must be submitted before the expiration of the statutory time for making written demand for payment. Since no such evidence was submitted during the period of time which expired December 9, 1946, the corporation contends that these stockholders are not entitled to an appraisal under *Section* 61.

The stockholders urge three reasons why they are entitled to an appraisal. Their first contention apparently is that evidence of an agency may be submitted to the corporation within a reasonable time after demand for payment is made on behalf of the stockholder, and that such time may be after the expiration of the twenty day demand period. They also contend that the corporation waived its right to object or is estopped to object because it did not request proof of authority during the demand period and because it demanded proof of agency after the expiration of the statutory period.

The corporation relies heavily upon the opinion of Vice-Chancellor (now Judge) Pearson in the case of *In re Universal Pictures Company, Inc., supra.* There, after concluding that an agent could properly make a demand for payment under *Section* 61, the Vice-Chancellor directed his attention to the question of proof of the agent's authority and said:

"It is argued that the persons who signed the objections and demands were not authorized to do so. Without discussing this, I shall proceed to the contention that the objections and demands were defective, in that no evidence of the purported agents' authority was furnished the corporation when these documents were presented to it. The

corporation urges that 'It was vital for the corporation to know whether, at the time when the objections were filed, the objections were by bona fide stockholders or were the acts of interlopers who, for collateral reasons, desired to be obstructive.' * * * In several instances, the only evidence of the existence of an agency before the stockholders, or the corporation, when the objections and demands were filed, was the representation of the purported agent (a stranger to the corporation in so far as the shares in question were concerned), and his assumption to exercise it. Under such circumstances, it would seem manifestly unreasonable to require consenting stockholders, or the corporation, to assume the existence of an agency and take action upon that assumption."

The parties are not in agreement as to the import of the quoted language of the court. In order to determine what was before the court in the Universal Pictures case, I reviewed the testimony and briefs filed therein.[2] No evidence of the authority of the agents to sign the demands was presented until the hearing held after the expiration of the statutory demand period. The corporation there involved made a two-fold contention: one, that the evidence failed to establish the existence of authority in the agents, and two, that even if it did, written evidence of the agents' authority was required to be submitted with the demand.

The quoted language of the opinion indicates that the court passed over the first contention of the corporation and adopted the conclusion that submission of evidence of the agents' authority was required. Since no evidence was submitted until the hearing—which was long after the twenty day demand period provided for in the appraisal statute—it is manifest that the court in the *Universal Pictures* case by refusing an appraisal to such stockholders, decided that the submission of written evidence of authority at the time of hearing did not constitute compliance with the appraisal statute.

I am called upon to decide whether the submission to the corporation of written evidence of authority shortly

---

[2] Since they are records of this court, I assume I can take judicial notice thereof.

after the expiration of the twenty day demand period provided for by the statute constituted compliance with the statute. While the court in the *Universal Pictures* case was not called upon to resolve the factual situation here presented, nevertheless, I believe that the basis of the court's decision in the *Universal Pictures* case is also dispositive of this case. The court in the *Universal Pictures* case based its decision, in my opinion, on the unexpressed conclusion that the appraisal statute required each step taken by a stockholder under the appraisal statute to be made legally sufficient during the period of time mentioned in the statute. This conclusion is supported by the court's language that action under the appraisal statute induces "important action by other stockholders, * * * and by the corporation * * *." In other words, once a particular period of time for certain action expires the other stockholders and the corporation are entitled to know immediately just what the status of the matter is at that particular time in order to determine their future course of action. It must also be kept in mind that the *Universal Pictures* case was decided at a time when the Court of Chancery decision in *Schenck v. Salt Dome Oil Corporation*, 28 *Del. Ch.* 54, 34 *A.* 2d 249 was the controlling law. That decision gave a much more "liberal" construction to another feature of the appraisal statute in favor of dissenting stockholders than did the subsequent opinion of the Supreme Court of Delaware reversing that decision. *Salt Dome Oil Corporation v. Schenck*, 28 *Del. Ch.* 433, 41 *A.* 2d 583, 158 *A.L.R.* 975.

Claimants take the position that no Delaware case has decided the point now before the court and that the basis for the court's decision in both the *Universal Pictures* case and the *Booth Fisheries* case is absent here. Their brief states:

"The gist of the decisions in both the *Universal Pictures* case and the *Booth Fisheries Corporation* case is that both the corporation and its stockholders are entitled, in order to be protected from the acts of interlopers, to know before a vote is taken upon a merger the identity and number of the objectors. With that knowledge on hand, the cor-

poration and its stockholders can then intelligently determine whether or not to go forward with the proposed merger. Assuming, for the sake of the argument, that the view of the *Universal Pictures* case and the *Booth Fisheries* case is a proper view upon the facts in those cases, the reasons underlying that view are wholly lacking in a case such as the present, where the original objections were signed personally by the stockholders in question."

While there is some merit to the claimants' argument, I feel, nevertheless, that the language of the statute and the basis for the court's decision in the *Universal Pictures* case both militate against a conclusion in favor of these claimants. The basis for the court's decision in the *Universal Pictures* case has already been discussed, while the language of the appraisal statute would seem to require that a stockholder who seeks an appraisal must comply fully with each requirement of the statute in the time provided. Thus, a demand for payment within twenty days after the recording of an agreement of merger means a legally sufficient demand unless we are to depart from the provisions of the statute. The attempt to supply evidence of authority after the expiration of the time for making a demand runs counter to the conclusion at least implicit in the *Universal Pictures* case and to the language of the appraising statute.

Where a stockholder demands payment under *Section* 61 through an agent, acceptable evidence of the agent's authority must also be submitted to the corporation within the time provided in the statute for making the particular demand. See *Klein v. United Theaters Co.*, 148 *Ohio St.* 306, 74 *N.E.* 2d 319. Thus, while the evidence of authority may accompany the demand (or objection), it need not, but it must be presented so that it is available to the corporation during the particular period involved.

The demand for payment in the case before the court could have been made up until December 9, 1946, and since the demand was made by an agent, evidence of the agent's authority had to be submitted to the corporation by December 9, 1946. This was not done and it therefore follows that the stockholders as to whom Mr. Rosenfeld filed claims

as agent are not entitled to an appraisal unless, as the stockholders contend, the corporation waived its right to assert such an objection or is estopped so to do.

It is difficult to see how the doctrine of waiver or estoppel is here applicable against the corporation since the time for submitting proof of authority expired before the corporation took any action. The corporation was under no legal duty, contrary to claimants' contention, to seek them out and ask them to submit within the statutory period proper evidence of their purported agent's authority. As to the actions by the corporation and Mr. Rosenfeld after the expiration of the statutory demand period, the evidence is not entirely clear since Mr. Rosenfeld at first rejected the corporation's request that he submit evidence of his authority. True, he subsequently submitted some evidence, but the proof on this point is quite vague. In fact, proof that Mr. Rosenfeld was authorized to act as agent for some of these stockholders was apparently never submitted, while the proof as to some others was submitted after the expiration of the period mentioned in the letter from the corporation's officer to Mr. Rosenfeld. It does not appear that the corporation was consciously relinquishing a known right, and it is certainly clear that these transactions did not prejudice these stockholders since they had already lost their right to an appraisal through failure to comply with the statute.

I conclude, therefore, that the doctrines of waiver and estoppel are not here applicable. Consequently, these nine stockholders are not entitled to an appraisal of their stock.

An order accordingly will be advised on notice.