192 A.2d 628 (1963)
Peter NICKLES, Plaintiff,
v.
UNITED NUCLEAR CORPORATION, Defendant.
Court of Chancery of Delaware, New Castle.
July 11, 1963.
Peter Nickles, Trenton, N. J., pro se.
Hugh Corroon, Berl, Potter & Anderson, Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiff, a stockholder of United Nuclear Corporation, filed a petition seeking an appraisal of his shares under the Delaware appraisal statute. The defendant corporation resisted the plaintiff's application on the ground that the plaintiff did not comply with the "written objection" requirement of the statute. The facts are not in dispute.
Plaintiff was the beneficial but not the registered owner of his shares at the record date fixed by the corporation for ascertaining those entitled to vote on the proposed merger. Plaintiff requested his broker, as the registered owner, to cause his shares to be transferred to his name. He also wrote a letter to the defendant corporation objecting to the proposed merger. Admittedly he was not the registered owner of the shares on the day his written objection was received. However, he became the registered owner the next day which was several days before the date fixed for the meeting to vote on the proposed merger.
The issue then is whether the plaintiff failed to comply with the statute in that he was not the registered owner of his shares at the time his written objection was received although he became such before the taking of the vote on the proposed merger.
Plaintiff was not the registered owner on the record date. This is of no moment because it has been decided that insofar as the appraisal statute is concerned, a stockholder may validly object in writing to a merger even though he is not a registered stockholder on the record date fixed for purposes of determining those entitled to vote on a proposed merger. See Lewis v. Corroon & Reynolds Corp., 30 Del.Ch. 200, 57 A.2d 632. It was there pointed out that if the corporation chose to keep its transfer books open, as the corporation did here, it could reasonably expect transfers to be made.
In the present case plaintiff did not become the registered owner until after his written objection had been received by the corporation. Does the date of the filing of the written objection have any significance insofar as eligibility to an appraisal is concerned? Under the appraisal statute the written objection may be filed at any time *629 before the vote on the merger. Thus the corporation cannot be certain of the total number of "objecting" shares until that time, unless the transfer books are closed. There is nothing in the statute which requires the dissenter to be a registered stockholder when he files his written objection. Under these circumstances there is no reason to impose the additional requirement that the shares must be registered in the stockholder's name at the time his "written objection" is filed. It is sufficient that he be registered before the taking of the vote. I conclude that plaintiff filed a valid written objection. Since he admittedly complied with the other statutory requirements, I conclude that he is entitled to an appraisal of his shares.
Present order on notice.