DINER FOODS, INC., a Delaware corporation, Plaintiff Below, Appellant,

*vs.*

CITY OF DOVER, a Delaware municipal corporation, Defendant Below, Appellee.

*Supreme Court, On Appeal, April 20, 1967.*

332

*Bruce M. Stargatt* and *Ben T. Castle,* of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

*David P. Buckson* and *William S. Hudson,* Dover, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: This is an appeal from an order of the Court of Chancery dismissing the action on the ground that it had not been brought by the real party in interest as required by Rule 17(*a*), *Del.C.Ann.*

In 1954 Diner Foods contracted with the City of Dover. Diner Foods obligated itself to install and dedicate to Dover a water main. Dover, in turn, obligated itself to collect and pay over to Diner Foods all fees received for tapping into the main during the 10-year life of the contract. In 1960 Diner Foods assigned the contract to the Hollywood Corporation.

In 1963 Diner Foods brought this action against Dover alleging failure to collect and pay over to it certain tapping fees. In addition, recovery was sought on the ground of unjust enrichment.

The cause came on for hearing and in the course of the plaintiff's evidence the fact of the assignment of the contract to the Hollywood Corporation came to light.* Thereupon, Dover moved to dismiss the action by reason of the fact that it had not been instituted by the real party in interest. Diner Foods thereupon moved under Rule 21 to add the Hollywood Corporation as a party plaintiff. The Vice Chancellor, however, treated plaintiff's motion as a motion to substitute party plaintiffs under Rule 25(c), and denied it by reason of the fact that the assignment of the 1954 contract preceded the institution of the action by several years.

It appeared that both Diner Foods and the Hollywood Corporation were owned by the same persons. The president of both corporations was present at the trial and indicated that the Hollywood Corporation was willing to be added as party plaintiff and to carry on the lawsuit. Nevertheless, the motion to add was denied, and the cause dismissed. The plaintiff appeals.

■ We think the denial of the plaintiff's motion to add the real party in interest under Rule 21 constitutes reversible error. The rule is modeled upon Rule 21 of the *Federal Rules of Civil Procedure*. The purpose of the rule is to eliminate the serious consequences of nonjoinder or misjoinder of parties which existed at common law. Thus, an indispensable party to a lawsuit, either plaintiff or defendant, may be added at any stage of the proceeding, either on motion of a party or by the court *sua sponte*. 3 *Moore's Federal Practice*, ¶¶ 21.04, 21.05. However, this will be done only if no prejudice results to the other side as a result of the addition of the new party.

This practice has been followed in the Court of Chancery for a long period of time. In *Hunter v. McCarthy*, 28 *Del.Ch.* 27, 36 *A.2d* 261, the Chancellor permitted a cause to stand over after final hearing in order to amend the bill of complaint by the addition of the real

---

* As a matter of fact, this became known to Dover during the course of taking depositions prior to trial.

party in interest. This action had been brought by an individual who contracted in his own name but, in reality, was the agent for another. Since no prejudice would result to the defendant by the addition of the real party in interest, that addition was permitted.

Thus it is, we think, that Rule 21 in reality is expressive of the former Chancery practice and, absent prejudice to a defendant, the addition or deletion of parties should be made freely in order to carry out the spirit and purpose expressed in Rule 1, "to secure the just, speedy and inexpensive determination of every proceeding."

Furthermore, it seems to us that the Hollywood Corporation could have intervened in the cause as of right under Rule 24(a).

For the foregoing reasons, therefore, the judgment below is reversed. The cause will be remanded with instructions to add the Hollywood Corporation as a party plaintiff.