Herbert D. **RAYNOR** et al., Plaintiffs,

v.

**LTV AEROSPACE CORPORATION,**
Defendant.

Court of Chancery of Delaware,
New Castle County.

Submitted Jan. 9, 1975.

Decided Jan. 14, 1975.

Steven D. Goldberg, Theisen, Lank & Mulford, Wilmington, for plaintiffs.

Andrew G. T. Moore, II, Killoran & Van Brunt, Wilmington, for defendant.

OPINION AND ORDER ON MOTION
FOR REARGUMENT, MOTION
DENIED

QUILLEN, Chancellor.

By letter opinion dated December 31, 1974, the Court regretfully concluded that Abraham Torgow did not perfect his right to a statutory appraisal proceeding because the registered holder of the 1400 shares did not object in writing before the stockholder vote on the merger. This is a requirement under our law. 8 Del.C. § 262(a) and (b); Carl M. Loeb, Rhoades & Co. v. Hilton, etc., 43 Del.Ch. 206, 222 A.2d 789 (Sup.Ct.1966) and cases cited therein; Folk, The Delaware General Corporation Law, A Commentary and Analysis (1972) pp. 373–374. In fact, the stock was registered in the name of Merrill Lynch Pierce Fenner & Smith. Mr. Torgow was a margin customer of that firm. Although the Court found that Mr. Torgow made a timely objection in writing, it is undisputed that Merrill Lynch did not.

Mr. Torgow has moved for reargument. He relies on In re Universal Pictures Co., Inc., 28 Del.Ch. 72, 37 A.2d 615 (Ch. 1944). That case indeed held that "the term 'stockholder', as used in the statute, should be held to embrace a margin customer." *Id.,* 28 Del.Ch. at 83, 37 A.2d at 620.

But there are two difficulties with the *Universal Pictures* case as authority.

■ First, § 262(a), we revised in 1967, defines "stockholder" for purposes of the appraisal remedy, as a holder of record. 56 Del.Laws Ch. 50; Folk, *supra,* p. 373. That was not the case in 1944 under the former Section 61. Thus, the statute now specifically requires the result reached in this case.

Secondly, the result in the *Universal Pictures* case was reached by reliance on Schenck v. Salt Dome Oil Corporation, 27 Del.Ch. 234, 34 A.2d 249 (Ch.1943) and 28 Del.Ch. 54, 37 A.2d 64 (Ch.1944). The difficulty with these cases is that the order appointing the appraiser was reversed by the Supreme Court. Salt Dome Oil Corp. v. Schenck, 28 Del.Ch. 433, 41 A.2d 583 (Sup.Ct.1945). The Supreme Court, at 28 Del.Ch. 447, 41 A.2d 589, specifically held that:

"We are of opinion that an unregistered holder of stock is not a 'stockholder' entitled to intervene in intracorporate matters unless that status is given him expressly or by unavoidable intendment; and, consequently, only the registered holder of stock is a 'stockholder' within the sense of the word as used in Section 61 of the law, entitled to object to a proposed agreement of merger."

This holding is applicable to the situation where a broker is the registered owner for his customer. Carl M. Loeb, Rhoades & Co., v. Hilton, etc., *supra;* Olivetti Underwood Corporation v. Jacques Coe & Co., 42 Del.Ch. 588, 217 A.2d 683 (Sup.Ct.1966). Thus, even before the revision of the statute, the law required the result reached in this case.

It therefore, should be noted that, as to this point, the *Universal Pictures* case has been effectively overruled by the Supreme Court as early as 1945 and is no longer valid authority. This result was confirmed by statute in 1967.

The motion to reargue is denied.

It is so ordered.