# Biles's Appeal.

Executors were chargeable with interest on so much of a balance decreed to be in their hands on the settlement of a former account, as was not required to meet contingencies, though the amount was deposited in bank and there remained.

APPEAL from the decree of the Orphans' Court of *Bucks*

[Biles's Appeal.]

*county*, by the executors of the will of Obadiah Willett, deceased, confirming the report of an auditor upon their accounts.

Their account, as executors, was submitted to the Orphans' Court on November 8, 1848, and was referred to an auditor, who reported a balance against them of $827.80¾. The report was confirmed September 17, 1849.

Subsequently, viz. on August 1, 1853, another account of the executors was filed, in which they charged themselves with the former balance, but without interest. Exception was filed to the omission of interest on the former balance, which it was said had been in the hands of the executors since June, 1849, and an auditor was appointed, in whose report the accountants were charged with interest on $575 (part of the balance), from November 17, 1849, till April 24, 1854, amounting to $153.

Exceptions were filed, which were overruled, and on 12th June, 1854, the report was confirmed, and the executors appealed.

Exception was taken to the charge of interest from November 17, 1849; and 2d, to the charge, of interest after the 1st August, 1853, when the last account was filed.

It was stated, on the part of the appellants, that the balance in the hands of the accountants constituted the only fund for the payment of $1000, bequeathed by their testator to a son and daughter for the erection of buildings on premises which had been devised to them during life.

It was admitted in the case that it appeared from the private bank book of the executors and from the books of the bank, that on the 5th June, 1849, C. W. Biles, one of the executors, deposited in the Doylestown Bank of Bucks county, in his name, as one of the executors, the sum of $575, and that it had remained on deposit from that time.

There was also evidence offered showing that during the interval between the filing of the two accounts there were suits pending, in which the executors were parties, which rendered it proper to retain a sufficient sum to meet contingencies. The auditor made an allowance on that ground.

*Ross*, for the appellants.—The executors did not make use of the money, and the legatees interested, *having knowledge* of the fund, did not demand it, and they should not be charged with interest: 9 *Ser & R.* 267.

But, from the peculiar character of this bequest, interest should not be charged. The $1000 was not devised to the son and daughter merely for their own use, but for the purpose of erecting buildings, and they had but *a life estate* in the estate devised. Those entitled in remainder were interested in the fund; and if demand had been made for the fund, security might have been required for its proper application. The charge of interest is not

[Bile's Appeal.]

a matter of course, but depends on the circumstances of the case: 4 *Harris* 151, Wither's Appeal.

*Roberts* and *Du Bois*, for appellee.—In the settlement of an account of executors no reference is to be had to the parties who may ultimately be entitled to the balance. The question is how the accountant stands with respect to the estate : 9 *Harris* 320, Ake's Appeal. Interest is an incident to such a decree of the Orphans' Court; an executor, under the 17th section of the Act of 29th March, 1832, is chargeable with interest on the net balance in his hands when his accounts are or ought to be settled. The accountants were chargeable from the time of the decree : 4 *Harris* 151, Wither's Appeal.

The opinion of the Court was delivered by

BLACK, J.—The executors of Obadiah Willet, deceased, filed an account, which was confirmed in 1849, with a balance against the accountants.

· Another account was filed in 1854, and the Orphans' Court decided that they must pay interest on the sum which the first account showed to be in their hands. Executors and administrators are generally bound to pay interest on the money which they keep for a considerable time after the expiration of one year from the decedent's death. This is particularly true of a balance on a partial account, which is retained in the hands of the accountants until a final settlement.

There is nothing to take this case out of the rule. Keeping the money unused, or depositing it in a bank, where it produced nothing, will not relieve the appellants. They might have paid it to the legatees or invested it. It is not proved that they were liable to be called on for it so suddenly that it was necessary to keep it where it could be drawn for. The auditor's report shows, on the contrary, that a sum sufficient to meet all contingencies was deducted, and interest charged only on the balance.

Decree affirmed.