Opinion by
Henderson, J.,
At the time when Edward F. Kerr, administrator d. b. n. of the estate of Abram Kerns, filed his third account the balance shown to be due from the accountant was distributable into five shares, four of which were promptly paid by the accountant. The fifth share would have been payable to Georgia Edith Manning, but she died in 1893. She willed her estate to her sister and husband for life, and the remainder, subject to several contingencies, to the appellants. At the time the account was filed an issue was pending in the court of common pleas of Bedford county between Mrs. Manning’s husband and her brother, to determine who was entitled to her estate. Mr. Kerr was a member of the bar of that county in active practice and knew that this proceeding was pending. The case was tried in September, 1902, and. a point was reserved on which the court did not render a decision until March 5, 1904. Mr. Kerr died on February 11, 1904. The case was finally determined in the Supreme Court in May of that year. In the meantime an action was brought by the appellants in the court of common pleas of Somerset county to try the same question, they alleging that they were entitled to Mrs. Manning’s estate as residuary legatees, and this cáse was decided in the Superior Court in April, 1906. It is apparent from an examination of Mrs. Manning’s will that the title to the whole of her estate was involved in the litigation referred to and Mr. Kerr could not at any time before his death have safely paid the share remaining in his hands to any of the litigants. It is equally apparent that the question might be disposed of at any time and the accountant called upon at once to pay over *352 the fund. The parties could at any time have ended the controversy and it could have been tried at an earlier date, as it is alleged, without contradiction, that the causé was continued by the parties at different terms of the court. The reserved point was held under consideration by the trial judge for nearly a year and a half, a lapse of time .which the accountant was not bound to anticipate. He was justified in assuming that the question would probably be promptly disposed of and knew that it was his duty to have the money forthcoming. His trusteeship was for distribution, not for investment, and under the circumstances of the case he.would not have been warranted in making investments which would have put the fund beyond his control at the time when distribution was . called for. It is not shown that the conditions were such that the accountant might have invested the money on short time or subject to call, nor do we think it was his duty so to do in view of the probability that he might be shortly called upon to make payment. A charge of interest against executors and administrators is not a matter of right, nor a necessary consequence of money in their possession. They are generally liable for interest on the money which they keep for a considerable time after the expiration of a year from the decedent’s death: Biles’s Appeal, 24 Pa. 335; but circumstances reheve from this liability as where they are likely to be so soon called on for the fund that it is advisable to keep it where it rhay be produced. The auditor has found that this was the situation in which Mr. Kerr was placed and the facts justify his conclusion.
It is alleged, however, that a liability arises because the administrator deposited the funds of the estate in his own name in a bank of which he was a stockholder. The fund was placed in the bank to the administrator’s individual credit, but the auditor has found that a much larger amount than the trust fund was all the time on deposit to his credit. It further appears that he made no gain from the fund. The accountant made a mistake in not keeping it separate from his own, but he did not profit by his error; nor was there any loss to the fund thereby. That he was a stockholder of the bank does *353 not raise an implication of profit on the deposit nor form a basis for a calculation of interest. We are not informed to what extent the bank used its deposits; nor is there any evidence that the depositors received interest on their open accounts. The practice of banks depends so much upon the state of trade and the condition of credit in the community that no presumption exists which would support a judgment. No facts are presented from which a determination could be reached that any amount of profit was derived by the bank from the possession of the fund. Indeed, it is fair to presume that no profit was made, as the administrator had continually a large account subject to check. The Supreme Court refused to enter into such an inquiry in Hess’s Estate, 68 Pa. 454, and this was approved in Dick’s Estate, 183 Pa. 647. We are not persuaded that any error was committed on the facts of this case.
The decree is affirmed.