GEORGE H. STEPHENSON,

*vs.*

THE COMMONWEALTH & SOUTHERN CORPORATION, a corporation of the State of Delaware.

*New Castle, July* 22, 1931.

*John Biggs, Jr.,* for complainant.

*William S. Potter,* of the firm of Ward & Gray, for defendant.

THE CHANCELLOR: When a consolidation takes place under the *General Corporation Act,* a stockholder of a constituent company is given an election whether to abide by the consolidation, or to withdraw therefrom and have the value of his stock, as determined by an appraisal under the statute, paid to him in money.

The right to an appraisal is given by *Section* 61 of the act. By that section, a stockholder is required to comply with certain prescribed conditions precedent before his right to an appraisal and payment can arise. The conditions are manifest from the language appearing at the outset of the section. It is,

"If any stockholder in any corporation consolidating as aforesaid, who objected thereto in writing, shall within twenty days after the agreement of consolidation has been filed and recorded, as aforesaid, demand in writing from the consolidated corporation payment of his stock, such consolidated corporation shall, within three months thereafter, pay to him the value of his stock at the date of consolidation," etc., (continuing with machinery for an appraisal in case there is no agreement as to value).

Thus two conditions must be satisfied before the right to payment arises: First, objection in writing; and second, a demand, within twenty days after the agreement of consolidation has been filed and recorded, upon the consolidated corporation for payment. If there is no right to payment, there can of course be no right to an appraisal.

Now in this case, the complainant made no direct objection in writing to the consolidation. His letter of March 1 voices no objection to the consolidation except by implication. That letter is a demand for payment. Impliedly,

of course, a demand for payment necessarily argues an objection to the consolidation.

It is reasonable to allow the letter to stand as an objection, notwithstanding its purport to that effect is deducible by implication only. The letter was addressed, not to the consolidated corporation, but to the Allied Power and Light Corporation, one of the consolidating companies. Being a demand for payment, if it was meant strictly to be what its language expressed, it was improperly addressed, for the statute requires that such a demand shall be made upon the consolidated, not the consolidating, company.

Inasmuch as the letter was addressed to a consolidating company, it should be allowed, at the most, only such significance as the pertinency of its address to such a company would suggest. I shall therefore treat it in the light most favorable to the complainant, viz., as an objection in writing to the act of consolidation.

Regarding it in that light, it is an insufficient compliance with the statute. The language of the statute is—"if any stockholder in any corporation consolidating as aforesaid, who objected thereto in writing, etc." From its grammatical construction, the sentence indicates that the objection must have been made before the consolidation vote was taken by the corporation. The present participle "consolidating" and the perfect tense "objected," point to such construction of the language.

This construction is fortified by the reason of the case. Naturally the wisdom of effecting a proposed consolidation might very largely be influenced by the number of dissenting shares, for if a heavy cash charge is to be borne by the consolidated company in order to take up a considerable number of objecting shares, the proposed consolidation would be less advisable than if the situation were otherwise. The stockholders who vote upon the proposal ought to know to what extent the dissentients are going to demand cash. Knowledge upon that point, presumably would be most material in passing upon the ultimate question of

policy which the proposed consolidation presents.  Obviously, if the objection could be effectively made after the stockholders had acted, their action would always be predicated on a hazard and a highly important step would be ventured in the dark.  The policy of the statute, as I gather it from the grammatical construction, accords with sensible business considerations in disapproving such a blindfolded leap into uncertain conjecture.  It will not do to say that the stockholders might by appropriate action vest authority in the directors to withhold consent to the consolidation in case objectors after the vote were so numerous as, in the directors' judgment, to make the consolidation inadvisable, and thereby protect themselves against the hazards of future events created by the belated objectors.  The stockholders are entitled to know in advance of their own action just how many among their number will demand payment. They are entitled to an opportunity to exercise their own independent judgment after the objectors and the shares represented by them are known.

Not only because the complainant's objection in writing came too late, should the demurrer be sustained.  It should be sustained on another ground.  The letter of March 1, is the only "writing" presented by the complainant.  Even if that writing were not too late as voicing an objection (a view which what has been said thus far repudiates), yet it cannot in any sense be a sufficient demand for payment under the statute.  Thus the second condition precedent to the complainant's right is not shown to have been complied with.  The reason for this statement is, that the statute says that a "demand in writing" shall be made for payment from the "consolidated" corporation, within twenty days after the consolidation agreement has been filed and recorded.  Assuming that March 1, the letter's date, was within twenty days after February 11, the date the agreement was filed and recorded, yet the letter was not addressed to the "consolidated" company, the defendant herein.  The letter being addressed as it was to the

"consolidating" company alone, cannot do double duty as an objection voiced to it and also as a demand upon the "consolidated" company to which it was not addressed. It looks as though the draftsman of the letter thought that he was making a demand for payment in compliance with the second condition precedent of the statute, instead of voicing an objection to the consolidation in compliance with the statute's first condition precedent. If so, the language of demand was voiced to the appropriate recipient of an objection.

The complainant is caught on one or the other horn of a dilemma. His letter is too late as an objection and was wrongly addressed as a demand.

The demand made to the defendant's counsel on July 7, was only that an appraiser be appointed by his client. If that demand for an appraiser could be construed as impliedly containing one for payment, two objections render its valueless—one that it was after the twenty day period had expired, and the other that it was not in writing. Whether its being made upon the defendant's lawyer would also render it of no value, I need not pause to consider.

The demurrer will be sustained.

NOTE.—After the entry of an order sustaining the demurrer, the complainant filed an election not to amend the bill of complaint. Upon motion of the solicitor for the defendant a final decree dismissing the bill of complaint was entered, from which an appeal was taken to the Supreme Court. The decree of the Chancellor was affirmed in an opinion by the Supreme Court after the period covered by this volume, which will appear in a subsequent volume of Delaware Chancery Reports. See also 168 A. 211.