WILLIAM A. SCHENCK, ERNEST F. W. WILDERMUTH and HENRY KRINSKY,

*vs.*

THE SALT DOME OIL CORPORATION, a corporation of the State of Delaware.

*New Castle, October 15th, 1943.*

238

William Poole, of the office of Southerland, Berl and Potter, (William S. Potter and David F. Anderson, on the brief), for complainants.

Caleb S. Layton, of the firm of Richards, Layton and Finger, for defendant.

HARRINGTON, Chancellor: The demurrer raises two questions:

(1) Whether the persons, who are not the record owners of corporate stock, but who are the real owners of the certificates, are "stockholders" within the meaning of Section 61 of the General Corporation Law, Rev. Code 1935, § 2093; and (2) whether, in any event, the complainants have complied with that section of the statute.

Section 61 provides:

"If any stockholder in any corporation of this State consolidating or merging as aforesaid, who objected thereto in writing, shall within twenty days after the date on which the agreement of consolidation or merger has been filed and recorded,* * * demand in writing from the corporation resulting from or surviving such consolidation or merger, payment of his stock, such resulting or surviving corporation shall, within three months thereafter, pay to him the value of his stock at said date * * *. If within thirty days after the date of such written demand the corporation and such stockholders fail to

come to an agreement as to such value of such stock, such stockholder may demand an appraisal of his stock by three disinterested persons, one of whom shall be designated by the stockholder, one by the directors of the resulting or surviving corporation and the other by the two designated as aforesaid and may serve written notice on such corporation designating therein one appraiser and requiring the corporation to designate a second appraiser within thirty days from the date of service of such notice. If within thirty days from the date of service of such notice the corporation shall have failed to designate a second appraiser or if the two appraisers first designated shall fail to designate a third appraiser within thirty days from the designation of the second appraiser, such stockholder may apply to the Chancellor to designate a second and a third appraiser, or a third appraiser as the case may be. The decision of the appraisers as to such value of such stock shall be final and binding upon the corporation and such stockholder. In case the value of such stock as so fixed by the appraisers is not paid to such stockholder within sixty days from the date of such decision and of notice thereof given to the corporation, the decision of the appraisers shall be evidence of the amount due from the corporation, and such amount may be collected as other debts are by law collectible from the resulting or surviving corporation. * * *"[1]

Pursuant to that section, within a certain prescribed time "any stockholder" of a corporation, consolidating with another, "who objected thereto in writing", may, therefore, "demand in writing" from the surviving corporation payment of his stock. If within thirty days thereafter they fail to agree as to its value, the "stockholder" may demand its appraisal by "three disinterested persons". One of such appraisers shall be designated by the "stockholder," one by the directors of the consolidated corporation, "and the other by the two designated as aforesaid." After the objecting stockholder shall have selected an appraiser, if the corporation, on the prescribed notice, shall fail to designate a second appraiser within a specified time, the stockholder may apply to the Chancellor to designate a second and third appraiser.

The complainants allege in some detail the necessary steps taken pursuant to the statute, justifying the valuation

---

[1] A later statute provides a different method of selecting appraisers.

of their stock in the two consolidating corporations, including the appointment of an appraiser, and notice thereof to the defendant, the surviving corporation; and that the latter has failed to appoint a second appraiser. All of these facts are admitted by the demurrer. The relief sought is the appointment of a second and third appraiser by this court. The defendant claims, however, that whatever the legal rights of the holder of a duly assigned, but unrecorded, certificate of stock may be, as between him and the record owner (*In re Giant Portland Cement Co.*, 26 *Del. Ch.* 32, 21 *A.* 2d 697; *Chadwick v. Parkhill Corp.*, 16 *Del. Ch.* 105, 141 *A.* 823), so far as the corporation is concerned, the mere holder of the certificate is not a "stockholder" within the meaning of *Section* 61. It points out that any appraisement made under that section is final, and shall be "evidence of the amount due from the corporation, and such amount may be collected as other debts are by law collectible." The defendant, therefore, construes the word "stockholder" strictly, and concludes that only the protection of legal rights was contemplated. I am unable to agree with that contention. The common law rule, requiring the unanimous consent of stockholders to corporate consolidations or mergers, has been abrogated by statute, and, as *Section* 61 of the *General Corporation Law* is clearly for the protection of objecting shareholders, it should be liberally construed to that end. *In re Rowe*, 107 *Misc.* 549, 176 *N.Y.S.* 753; *Llewellyn v. Kasintoe Rubber Est.*, [1914] 2 *Ch.* 670; 15 *Fletcher Cyc. Corp.* (*Per. Ed.*) § 7165. The rights of the real owners of the shares, as well as of the certificates, opposing a corporate merger, are therefore, within the provisions of that section, though their names do not appear on the records as stockholders. *In re Rowe, supra; Llewellyn v. Kasintoe Rubber Est., supra.* Conceding that a corporation has no way of determining who are its stockholders except by its record, and that, so far as it is concerned, only record owners are entitled to dividends declared, or to vote in person or by proxy at stockholders' meetings (*In re*

*Giant Portland Cement Co., supra; In re Rowe, supra)*, the real owner of the shares, nevertheless, has substantial rights that may be materially affected by a corporate consolidation. The rights and powers given by *Section* 61 are in no sense declaratory of the ancient equity jurisdiction of the English Court of Chancery, and are not within the original inherent jurisdiction of this court (*Art*. IV, § 10, *Const*. 1897) ; they are additional powers given by the Legislature, pursuant to the provisions of *Article* IV, *Section* 20 of the *Constitution*. But it does not follow that the word "stockholder" in *Section* 61 should be construed in a strictly legal sense. In principle, *Chandler v. Bellanca Aircraft Corporation,* 19 *Del. Ch.* 57, 162 *A*. 63, is conclusive of this question. *Section* 31 of the *General Corporation Law, Rev. Code* 1935 § 2063, provides for the review of an election of directors "upon the application by any.stockholders"; the holder of a voting trust certificate was held to be a "stockholder" within its meaning.

Mandamus is purely a legal remedy, and cases like *State ex rel. Healy v. Superior Oil Corporation,* 1 *Terry,* (40 *Del.*) 460, 13 *A*. 2d 453 and *State ex rel. Crowder v. Sperry Corporation,* 2 *Terry* (41 Del.) 84, 15 *A*. 2d 661, need not be considered.

The bill alleges : (1) That the complainants, by letters dated December 11th, 1942, addressed to the corporations contemplating a consolidation, objected thereto, and to the adoption of any such agreement at the stockholders' meeting to be held December 15th; and (2) that, as further notice of their objections, they enclosed in the appropriate letters proxies, executed by them, directing certain named persons to vote the 7100 shares of stock in The Salt Dome Oil Corporation and the 10,000 shares of stock in the Gulfboard Oil Corporation against the said Agreement of Merger. These proxies were not attached to the bill, but it appears that they disclosed that the 7100 shares of stock in The Salt Dome Oil Corporation stood on its records in the name

of Guido Pantaleoni, Jr., and that the 10,000 shares in the Gulfboard Oil Corporation stood on its records in the name of Berberich & Co. All of these facts are likewise admitted by the demurrer. Conceding that prior notice of any objections to a proposed corporate consolidation is required in order that the surviving corporation may be informed of, at least, the approximate number of shares that it may be required to purchase, if such an agreement is adopted (*Stephenson v. Commonwealth & Southern Corp.*, 18 *Del. Ch.* 91, 156 *A*. 215; *Id.*, 19 *Del. Ch.* 447, 168 *A*. 211), the allegations of the bill show a sufficient compliance with the statute to justify the relief prayed for. The proxies, enclosed in the complainants' letters, fully disclosed that information. While they were not signed by the record owners of the stock, and, therefore, could not have been used at the meeting, for voting purposes, that was not essential to the complainants' rights.

The demurrer is overruled, and an order will be entered accordingly.