HARRY D. FRIEDMAN and ABRAHAM UNGER, trading under the firm name of DONALD & COMPANY, JAMES F. FITZGERALD, DORIS B. JOHNSON, GRACE E. PICKENS, E. PAUL EMERT and GARDNER W. LEWIS,

*vs.*

BOOTH FISHERIES CORPORATION, a corporation of the State of Delaware.

*New Castle, November 20, 1944.*

*William H. Bennethum,* of the firm of Marvel & Morford, for complainants and all claimants who have appeared.

*Caleb R. Layton, 3rd,* of the firm of Hastings, Stockly and Layton, for respondent.

PEARSON, Vice-Chancellor: As to all of the disputed claims, questions are raised whether the claimants complied with the statutory requirement of making a written objection to the merger. The corporation received letters purporting to be written on behalf of certain shareholders, but signed by one Edgar J. Bernheimer. The letters state objections to the merger. The only evidence of any authority in Bernheimer to make the objections on behalf of the shareholders was his own representation and assumption to act. Under such circumstances, objections by an agent are insufficient. *In re Universal Pictures Co., ante p.* 72, 37 *A.* 2*d* 615. Claimants contend, however, that Bernheimer was an attorney at law, and that "an attorney need not prove his agency at the time of his representation but strangers (respondent here) *have the right to demand satisfactory evidence of his authority.*" It may be that presumptions of authority are indulged in where an attorney enters an appearance in a proceeding in a court before which he is admitted to practice; but where, as here, the asserted agency is not one which can be performed only by an attorney at law, the authority of a lawyer is no more presumed than that of a layman. *Doeller v. Mortgage Guarantee Co.,* 166 *Md.* 500, 171 *A.* 856; 7 *C.J.S., Attorney and Client,* § 73, *p.* 877; 2 *R.C.L.* 980. The rule of the *Universal Pictures* case is applicable and the claims should be dismissed.

The corporation opposes one of the claims on the ground that no written objection whatever was filed prior to the vote on the merger. The claimant was not present at the hearing in person or by solicitor. In a letter written with reference to his claim, he states:

"By sending in my proxy marked to vote my shares *against* such merger, I gave written notice that I objected to the merger, which notice was sent prior to the taking of the vote. The corporation cannot therefore truthfully deny that a written objection was thus brought to the attention of the management prior to the taking of the vote."

Assuming that the proxy was marked to vote shares

against the merger, disapproval or objection on the part of the shareholder may obviously be inferred. However, it seems to me that the statute should be construed as requiring a written communication expressly objecting to a merger. It is reasonable to believe that many shareholders might desire to vote against a merger without any intention of proceeding under *Section* 61, if the merger should receive the requisite approval of other shareholders at the meeting. Earlier cases have pointed out the importance to an assembled meeting of knowing, before the vote on a merger, how many shares may have to be paid for in cash. *Stephenson v. Commonwealth & Southern Corp.*, 18 *Del. Ch.* 91, 156 *A.* 215; *Id.*, 19 *Del. Ch.* 447, 168 *A.* 211; *Schenck v. Salt Dome Oil Corporation*, 27 *Del.Ch.* 234, 34 *A.2d* 249; *In re Universal Pictures Co., supra.* This information is supplied by the written objections filed, the foundation for subsequent demands for appraisal and payment. With these thoughts in mind, the direction on a proxy to vote shares against a merger, and the inference arising from it seem insufficient. to constitute a "written objection" within the meaning of the statute. The claim should be dismissed.

An order accordingly will be advised.