CHARLES L. WISWALL,

*vs.*

GENERAL WATERWORKS CORPORATION, a corporation of the State of Delaware.

*New Castle, May 26, 1949.*

*E. Ennalls Berl* and *James L. Latchum,* of the firm of Southerland, Berl & Potter, for plaintiff, and for claimant Albert Timm.

*James R. Morford,* of the firm of Marvel & Morford, for defendant.

SEITZ, Vice Chancellor: The sole issue is whether a certain written communication by a stockholder constitutes a sufficient objection in writing to the proposed merger for purposes of the appraisal statute.

The appraisal statute, being *Section* 61 of the *General Corporation Law, Rev. Code* 1935, § *2093, as amended* 44 *Del. Laws, c.* 125, § 6, requires a stockholder who desires an appraisal of his shares in lieu of going along with a merger to file, *inter alia,* a "written objection with the corporation before the taking of the vote on such consolidation or merger." The sole question presented is whether the following written communication received by the corporation prior to the vote on the merger constituted a sufficient written objection under the appraisal statute:

"December 7, 1948

"Wilmington Suburban Water Company,

"Claymont, Delaware

"Attention: Mr. S. N. VanTrump, President

"Gentlemen:

"I hereby revoke the proxy which was signed and sent to you before I received notice of the stockholders meeting, and demand immediate return of same. Please send it by registered mail at my expense.

"I will also use this opportunity to place my vote against the merger between General Water Works Corporation and Wilmington Suburban Water Company, with the General Water Works Corporation as the surviving Corporation.

"Trusting you give this your prompt attention, I remain

Yours truly,

"s/ Albert Timm
"Albert Timm"

I have examined the opinion of Vice-Chancellor Pearson in *Friedman v. Booth Fisheries Corp.*, 28 *Del. Ch.*, 211, 39 *A. 2d* 761, and the opinion of this court and the Supreme Court in *Stephenson v. Commonwealth and Southern Corp.*, 18 *Del. Ch.* 91, 156 *A.* 215, *affirmed* 19 *Del. Ch.* 447, 168 *A.* 211. As I read the *Friedman* case the Vice-Chancellor was considering whether a proxy constituted a sufficient written objection within the meaning of the statute. The Vice-Chancellor ruled that a proxy was not sufficient, but that the statute required "a written communication expressly objecting to a merger." [28 *Del. Ch.* 214, 39 *A. 2d* 762]. In view of the facts there presented, I take such language to mean that the Vice-Chancellor felt that the statute required a written communication indicating objection other than by way of a proxy. In the *Stephenson* case the obiter of Chancellor Wolcott grants a broad latitude to one who is called upon to determine whether a particular writing constitutes a valid objection under the statute.

While Mr. Timm's letter speaks in terms of placing the writer's vote against the merger, upon reflection I feel that it is not appropriate to view the letter as an invalid proxy.

In view of the type of proceeding, I think it fair to consider the letter as an inartistic objection to the proposed action. It is a written communication expressly concerned with the proposed action, and from which by fair implication it may be deduced that the writer objected to such proposed action. Certainly it is much more clearly an objection than the letter before Chancellor Wolcott in the *Stephenson* case. In view of the type of proceeding here involved, I believe stockholder draftsmanship should not be tested by professional standards.

I, therefore, conclude that Mr. Timm's letter of December 7, 1948 constituted a sufficient written objection to the proposed merger for purposes of this appraisal proceeding.

An order accordingly will be advised on notice.