In the Matter of the Application of
ATLAS POWDER COMPANY, a corporation of the State of·
Delaware,
for a Determination, Pursuant to Section 61 of the General Corporation Law of the Value of Certain Shares of·
Stock of Darco Corporation.

*New Castle, January 24, 1951.*

*H. James Conaway, Jr.,* of Hering, Morris, James & Hitchens, Wilmington, for claimant Zeeb.

*Clarence A. Southerland* and *Richard F. Corroon,* of Southerland, Berl & Potter, Wilmington, for Atlas Powder Company.

SEITZ, Vice Chancellor: The question is whether a certain stockholder filed a legally sufficient objection in writing under our appraisal statute.

Under the Delaware appraisal statute, *Rev. Code* 1935, § 2093, a stockholder desiring an appraisal must, *inter alia,* make a written objection and a separate written demand for payment within certain designated periods.

By court order all stockholders seeking an appraisal were directed to file their claims with the Register in Chancery. They were asked to attach to their claims, *inter alia,* copies of the statutory written objection to the merger which they had given the corporation. The copy of the written objection attached to Mr. Zeeb's claim was a letter of objection written within the proper statutory period. However the letter was not signed by Mr. Zeeb. It was signed by a person representing himself to be Mr. Zebb's attorney.[1]

---

[1] Not Mr. Zeeb's present attorney.

No evidence of the attorney's authority to file a written objection for Mr. Zeeb was provided to the corporation prior to the vote on the merger.

██ ██ This court has held that under our appraisal statute, when an attorney files a written objection on behalf of a stockholder, the company must also be provided with evidence of the attorney's authority to do so. See *Friedman v. Booth Fisheries Corp.*, 28 *Del. Ch.* 211, 39 *A.* 2d 761. It has also held that when a written demand for payment is made by an attorney, evidence of the attorney's authority must be submitted within the statutory period provided for making such demand. See *Lewis v. Corroon & Reynolds Corp.*, 30 *Del. Ch.* 200, 57 *A.* 2d 632. The reasoning employed in the *Lewis* case in connection with the written demand is equally applicable to the written objection. It impels the conclusion here that where a written objection is made by an attorney, evidence of the attorney's authority must be submitted prior to the expiration of the time provided for making such objection. Under the statute, this must be done before the vote on the merger.

██ Since admittedly no evidence of the authority of the attorney to file a written objection for Mr. Zeeb was received by the corporation prior to the vote, it follows that the attorney's letter was not a sufficient objection in writing under the statute. If the rule announced in the *Friedman* case concerning the submission of evidence of the attorney's authority is to be changed, it should come from the Supreme Court or the Legislature.

I do not believe the facts estop the corporation from raising the present objection.

The next question is whether an earlier letter written by Mr. Zeeb himself was a sufficient objection in writing under the statute. I pause to note that this letter was not attached to the claim and was relied upon for the first time at the hearing as an objection under the appraisal statute.

Even though it was not attached to the claim, I shall assume that it should be tested to see whether it is otherwise legally sufficient as a written objection.

First, it should be noted that this letter was mailed to the corporation by Mr. Zeeb even before he had received formal notice of the proposed merger from the corporation and before the attorney mailed the letter heretofore discussd. Mr. Zeeb had apparently heard of the proposed merger in the newspaper. His letter reads as follows:

"I have read of the proposed merger of the Darco Corporation with the Atlas Powder Corporation. I would appreciate it if you would send me further information on this proposed merger.

"What I have to date would indicate that the common of Darco is to receive but one dollar per share. That seems very unfair when the majority stockholder is to receive so many benefits in other ways. The company has just started to do very well and it would seem lacking in sportsmanship to cut off this small amount of stock just in advance of opportunity.

"My stock cost me several times the amount offered. I do not know what purpose the organization of Darco on the present basis meant to Atlas Powder Company but I considered their purposes were genuine and that the influence would be used to the advancement of the subsidiary. This with the reputation of the officers of Darco and the important possibilities for the type of product the company manufactured made me feel that I had a good investment. I do not like to have it cut off without consideration.

"I wish you would send me the information as soon as possible because I realize that something must be done about this."

Mr. Zeeb's attorney contends that this was a legally sufficient written objection, judged by the standards applied in *Wiswall v. General Water Works Corp.*, 31 *Del. Ch.* 74, 66 *A.* 2d 424. Certainly the letter expresses tentative dissatisfaction, but its tenor can hardly be said to constitute an absolute objection. As Mr. Zeeb said, he wanted the information "because I realize that something must be done about this." The letter written subsequently by the attorney, and to which I have already alluded, clearly was

the attempted objection in writing. The earlier letter was essentially a request for information. It leaves the reader with the definite impression that a formalized position will be taken after the requested information has been received. Thus, it cannot be construed, even by fair implication, to constitute an absolute objection to the proposed merger. The written objection need not be artfully worded but it must be reasonably absolute.

The stockholder Zeeb is therefore not entitled to an appraisal.

Order on notice.

Reversed on appeal and remanded. See *In re John J. Zeeb vs. Atlas Powder Co., post p.* 486, 87 *A.* 2d 123.