88 N.J. Super. 244 (1965)
211 A.2d 812
JAQUITH & CO., A NEW YORK PARTNERSHIP, F.P. RISTINE & CO., A NEW YORK PARTNERSHIP, FRANK H. BLAIR, THE MAGUIRE FOUNDATION, INC., A CONNECTICUT CHARITABLE CORPORATION, THE FIRST PRESBYTERIAN CHURCH, A CONNECTICUT CHARITABLE CORPORATION, AND ESTELLE B. WRONKER, PLAINTIFFS,
v.
ISLAND CREEK COAL COMPANY, A DELAWARE CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 23, 1965.
*245 Mr. Morris M. Schnitzer for plaintiffs (Messrs. Kasen, Schnitzer & Kasen, attorneys; Mr. Waldron Kraemer, on the brief).
Mr. William L. Dill, Jr. for defendant (Messrs. Stryker, Tams & Dill, attorneys).
*246 MATTHEWS, J.S.C.
This action was commenced by five stockholders of West Kentucky Coal Company, a New Jersey corporation, now merged into Island Creek Coal Company, a Delaware corporation, to secure the appointment of appraisers to fix the full market value of their stock and for the payment to them of the amount fixed by the appraisers. The action was commenced pursuant to the terms of N.J.S.A. 14:12-6 and 7. It is now before the court on a motion of each party for a summary judgment in its favor.
The facts are not in dispute. The plaintiffs are all stockholders of the West Kentucky Coal Company, a New Jersey corporation. Defendant Island Creek Coal Company is a Delaware corporation. West Kentucky Coal Company and Island Creek Coal Company, a Maine corporation, and Island Creek Coal Company, a Delaware corporation, entered into an agreement on November 5, 1964 for the merger of the first two corporations into the last-named corporation, defendant herein. The agreement was approved by the boards of directors of the three corporations.
On November 10, 1964 West Kentucky Coal Company sent to all of its stockholders, including plaintiffs, a notice of a special meeting of said corporation to be held on December 15, 1964, at which the agreement of merger would be considered and submitted to a vote of the stockholders. Terms of the merger were set forth in detail in the notice of the meeting and the proxy statement attached thereto, and the provisions of N.J.S.A. 14:12-7 and the pertinent provisions of N.J.S.A. 14:12-6 were reproduced and attached as Exhibit D. In the proxy statement, under the heading "Dissenting Stockholders," it was explained that a dissenting stockholder could obtain the value of his shares if he gave to West Kentucky Coal Company "written notice of his dissent" at any time prior to the vote on the merger. This section of the proxy statement read as follows:
"Stockholders of West Kentucky
As provided in Section 12-7 of the General Corporation Law of New Jersey, any stockholder of West Kentucky dissenting from the *247 Joint Agreement of Merger who shall give to West Kentucky written notice of his dissent at any time prior to the vote on the Joint Agreement of Merger and shall not vote in favor of the Joint Agreement of Merger may, at any time within 30 days after the adoption and filing of the Joint Agreement of Merger, by an action in the Superior Court against Island Creek-Delaware, apply for the appointment of three disinterested appraisers to appraise the full market value of his stock without regard to any depreciation or appreciation thereof in consequence of the merger. As provided in Section 12-6 of the General Corporation Law of New Jersey, the award of the appraisers, or that of a majority of them, when confirmed by the court, shall be final and conclusive on all parties, and Island Creek-Delaware shall pay to such stockholder the value of his stock as aforesaid. A copy of said Section 12-7 and the pertinent provisions of Section 12-6 is attached hereto as Exhibit D.
All stockholders of West Kentucky at the time the merger becomes effective will be promptly notified that the merger has become effective."
Plaintiffs Jaquith & Co., F.P. Ristine & Co., Frank H. Blair, The Maguire Foundation, Inc., and The First Presbyterian Church, each returned a proxy form to West Kentucky Coal Company prior to the stockholders' meeting on December 15, 1964, in which each directed that its or his shares be voted against the merger. No other communication was sent by any of the plaintiffs to West Kentucky Coal Company prior to December 15, 1964. The merger was approved by the requisite number of shareholders of the three corporations and became effective December 31, 1964.
Plaintiffs contend and defendant denies that the proxies they furnished to defendant satisfy the statutory requirement for an appraisal of their stock  that prior to the vote on the merger a stockholder "give to the corporation [of which he is a member] written notice of his dissent" from such merger.
The statute on which plaintiffs base their action, N.J.S.A. 14:12-7, reads:
"Upon the merger or consolidation of any two or more corporations, which do not have the right to exercise any franchise for public use, into a single corporation, as provided by this title, if any stockholder in any of such merging or consolidating corporations not voting in favor of such agreement of merger or consolidation, shall dissent therefrom and shall refuse or neglect to convert his stock into the stock of such consolidated corporation, or to dispose thereof in the *248 manner and on the terms specified in the agreement for merger or consolidation, and at any time prior to the vote on such merger or consolidation, shall give to the corporation in which he is a stockholder written notice of his dissent, such dissenting stockholder, or such consolidated corporation may, at any time within thirty days after the adoption and filing of the agreement of consolidation, by an action in the Superior Court, against such consolidated corporation, or such dissenting stockholder, as the case may be, apply for the appointment of three disinterested appraisers to appraise the full market value of his stock without regard to any depreciation or appreciation thereof in consequence of the merger or consolidation. * * *" (Emphasis added)
Defendant contends that a fair reading of the statute specifically requires that in order to be entitled to an appraisal, a shareholder must deliver to the corporation, prior to the vote, a written notice of his dissent from the merger, and that such requirement is not satisfied by delivering a proxy directing that his shares be voted against the merger. This precise question has not been determined in any reported decision of the courts of this State. Defendant places great reliance on two decisions of the courts of Delaware construing the appraisal statute of that state which is comewhat similar to ours.[1] In F.S. Moseley & Co. v. Midland-Ross Corporation, 179 A.2d 295 (Del. Sup. Ct. 1962), plaintiff, the registered owner of 1,200 shares of Industrial Rayon Stock, signed and sent a letter to Industrial Rayon Corporation prior to the vote on the merger with Midland-Ross Corporation, enclosing a proxy voting its shares against the merger. The letter was nothing more than a letter of transmittal. The merger was thereafter approved. Plaintiff then made a demand for payment *249 of its 1,200 shares. Payment was refused, and the action for the appointment of an appraiser followed. The vice-chancellor held that plaintiff was not entitled to an appraisal and dismissed plaintiff's claim. On appeal, the Supreme Court of Delaware affirmed the judgment below, stating:
"The proxy transmitted with the letter did not constitute the written objection required by the statute. Friedman v. Booth Fisheries Corporation [28 Del. Ch. 211, 39 A.2d 761], above cited. This is so because the statute itself distinguishes between (1) the objection in writing; (2) the voting (i.e., the shares must not have been voted in favor of the merger); and (3) the demand for payment. Each of the three requirements must be complied with. Hence a negative proxy alone is not sufficient to comply with (1)." (at pp. 296-297)
In Friedman v. Booth Fisheries Corporation, 28 Del. Ch. 211, 39 A.2d 761 (Del. Ch. 1944), referred to in Moseley, there was a denial of appraisal under facts similar to those found in Moseley. There the court stated:
"Assuming that the proxy was marked to vote shares against the merger, disapproval or objection on the part of the shareholder may obviously be inferred. However, it seems to me that the statute should be construed as requiring a written communication expressly objecting to a merger. It is reasonable to believe that many shareholders might desire to vote against a merger without any intention of proceeding under Section 61, if the merger should receive the requisite approval of other shareholders at the meeting. Earlier cases have pointed out the importance to an assembled meeting of knowing, before the vote on a merger, how many shares may have to be paid for in cash. Stephenson v. Commonwealth & Southern Corp., 18 Del. Ch. 91, 156 A. 215; Id., 19 Del Ch. 447, 168 A. 211; Schenck v. Salt Dome Oil Corporation, Del. Ch., 34 A.2d 249; In re Universal Pictures Co., supra. This information is supplied by the written objections filed, the foundation for subsequent demands for appraisal and payment. With these thoughts in mind, the direction on a proxy to vote shares against a merger, and the inference arising from it seem insufficient to constitute a `written objection' within the meaning of the statute. The claim should be dismissed."
Plaintiffs concede that there is no decision in New Jersey or elsewhere in support of the proposition which they advance. Their principal basis for seeking relief in this court is found in general statements made in several New Jersey decisions to the effect that our appraisal statute should be liberally construed. *250 See e.g., In re Merger and Consolidation of Janssen Dairy Corp. and Philadelphia Dairy Products Co., 2 N.J. Super. 580, 586 (Law Div. 1949); Bache & Co. v. General Instrument Corp., 42 N.J. 44, 51 (1964); New Jersey & Hudson River Ry. Co. v. Am. Elec. Wks., 82 N.J.L. 391, 398 (E. & A. 1911); In re Camden Trust Company, 121 N.J.L. 222, 225 (Sup. Ct. 1938).
Plaintiffs also point out that N.J.S.A. 14:12-7 in no way establishes the form the written notice of dissent is to take. They argue that to require a stockholder to label any document which he sends to the corporation "written notice of dissent" would be to elevate ritual or form above substance.
Our courts have indeed emphasized that the appraisal statute "is designed to afford a simple and expeditious remedy to the dissenting stockholder and to that end is to be liberally construed." Bache & Co. v. General Instrument Corp., supra. In Bache, the Appellate Division stated that the purpose of requiring a stockholder who opposes a merger to object in writing prior to the vote upon the proposal of merger is to "inform the corporation and its other stockholders of the number of possible dissenters, and therefore the potential amount of cash which will be required to pay for their shares." 74 N.J. Super. 92, 101 (App. Div. 1962), certification denied 38 N.J. 181 (1962). N.J.S.A. 14:12-7 sets forth no time period during which the written notice of dissent should be filed with the corporation. The statute explicitly provides that such notice may be filed at any time prior to the vote. Thus, any advantage that may be gained by the management of a corporation in so far as advance knowledge as to the possible amount of money which might have to be paid out to dissenters is concerned, would seem to be minimal.
Whatever may be the basis for the reasoning supporting the two Delaware decisions cited by defendant, and set forth heretofore, the same may well be based upon a literal reading of the pertinent Delaware statute. Our statute explicitly refers to "any stockholder * * * not voting in favor * * *" and not to a stockholder "* * * whose shares were not voted in favor * * *" of a merger or consolidation.
*251 A correct reading of the Delaware statute may well indicate that it embraces proxy as well as actual voting at the corporate meeting. Our statute neither expressly nor by implication gives reference to proxy voting. It appears to embrace only the active vote of the stockholders present at the meeting. Under such a reading, it follows that the requirement of a written notice of dissent is directed to those stockholders who intend to be present personally or by a proxy which does not on its face specifically provide for a negative vote at the stockholders meeting, and further, who intend to cast a vote against or abstain from voting on the merger question. Considered in this light, it follows that the granting of a written proxy containing therein instructions to vote against the proposed merger, and the delivery of the proxy to the corporation within the time period provided in the statute, constitutes sufficient compliance with the statutory requirement that a written notice of dissent be filed with the corporation by one seeking appraisal rights.
Under R.S. 14:10-9, the provisions of which authorize proxy voting, no specific form is established for a written proxy. The statute provides that "the attendance at any meeting of a stockholder who may have theretofore given a proxy shall not have the effect of revoking the same unless the stockholder so attending shall, in writing, so notify the secretary of the meeting at any time prior to the voting of the proxy." Thus, corporate management is just as amply protected by receipt of a proxy given by a stockholder which contains instructions to vote against a proposed merger, as it is by receipt of a written notice of dissent, which certainly could be revoked in the same manner and within the same time that a written proxy could be revoked. Cf. Zeeb v. Atlas Powder Co., 32 Del. Ch. 486, 87 A.2d 123, 127 (1952). It should be borne in mind that the granting of a proxy does not in itself constitute the casting of a ballot until the actual vote is taken. A proxy is nothing more than a grant of authority to the person authorized therein to cast the ballot at the appropriate *252 time. Cf. Bache v. Central Leather Co., 78 N.J. Eq. 484, 486 (Ch. 1911).
I believe that the construction herein given to the statute gives significance to the written notice of dissent requirement as established therein by the Legislature. Certainly, it honors substance and not form.
For the reasons stated, plaintiffs' motion is granted and defendant's motion for summary judgment is denied. An appropriate order may be submitted on notice or by consent, with provision therein for the appointment of the appraisers as provided in N.J.S.A. 14:12-7.
NOTES
[1] The pertinent Delaware statute, 8 Del. C, § 262(b), provides in part:

"The corporation resulting from or surviving any consolidation or merger shall within 10 days after the date on which the agreement of consolidation or merger has been filed and recorded, notify each stockholder in any corporation of this State consolidating or merging, who objected thereto in writing and whose shares were not voted in favor of such consolidation or merger, and who filed such written objection with the corporation before the taking of the vote on such consolidation and merger, that the agreement has been filed and recorded." (Emphasis added)