JAQUITH & CO., A NEW YORK PARTNERSHIP, *ET AL.*, PLAINTIFFS-RESPONDENTS, v. ISLAND CREEK COAL COMPANY, A DELAWARE CORPORATION, DEFENDANT-APPELLANT.

Argued February 8, 1966—Decided May 2, 1966.

Mr. *William L. Dill, Jr.,* argued the cause for appellant (*Mr. Bartholomew T. Zanelli,* of counsel; *Messrs. Stryker, Tams & Dill,* attorneys).

Mr. *Morris M. Schnitzer* argued the cause for respondents (*Mr. Waldron Kraemer,* on the brief; *Messrs. Kasen, Schnitzer & Kasen,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J. This action arises out of a corporate merger. Plaintiffs, claiming to have dissented from the merger, brought this action for the appointment of appraisers to fix the value of their shares and for the payment of the sums so to be fixed. The critical question is whether plaintiffs gave written notice of their dissent as required by the statute. On motion for judgment, the trial court held for plaintiffs. 88 *N. J. Super.* 244 (*Ch. Div.* 1965). We certified defendant's appeal before argument in the Appellate Division.

Management of West Kentucky Coal Company, a New Jersey corporation, solicited proxies for the stockholders' meeting at which the merger proposal was to be voted upon. The proxy form provided space for the stockholder's direction that his shares be voted "For" or "Against" the merger agreement. The proxy specified that if the shareholder omitted a direction in that regard, the shares would be voted in favor of the proposal. Plaintiffs recorded themselves "Against" the merger on the proxies and returned them to the company.

The statute, *N. J. S. A.* 14:12–7, provides for the payment to a shareholder (1) if he does not vote in favor of the merger and (2) if he "at any time prior to the vote on such merger or consolidation, shall give to the corporation in which he is a stockholder written notice of his dissent." Thus the question in this case is whether a proxy, which is a revocable vehicle for the ultimate vote, can serve also to tell the company in advance of the vote that the shareholder "dissents."

Defendant argues that the proxy could not constitute notice to the company because in form it was not addressed to the company and hence was notice only to the three individuals

named therein as agents to vote the shares. The form stated in capitalized print "This proxy is solicited on behalf of the Management of the Company." The covering letter, headed with the corporation's name and signed by its "Secretary," closed with this capitalized paragraph: "Stockholders who cannot attend the meeting in person are urged to sign and return proxies in the enclosed form." They were returned to the corporation, and the stipulation in the record before us that the proxies were sent to the corporation and "received" by the corporation is an accurate statement of fact. If the proxy can serve as notice of dissent, the circumstance that in form it was an authorization to three individuals selected by management rather than to the company itself is of no moment.

The statute does not specify the form or content of the required "dissent." It does not require a statement of an intent to seek an appraisal. It requires no more than a written notice of disagreement with the proposal. A proxy with a mandate for a vote "Against" the proposal surely expresses the shareholder's disagreement. If the proxy were produced for the first time at the stockholders' meeting, it could readily be disputed that the proxy sufficed as written notice to the corporation of a dissent prior to the vote. But here the proxies were solicited by management and received by it well before the vote. In its solicitation the corporation, speaking of the subject of "dissenting stockholders," said that under the New Jersey statute "any stockholder of West Kentucky dissenting from the Joint Agreement of Merger who shall give to West Kentucky written notice of his dissent at any time prior to the vote on the Joint Agreement of Merger and shall not vote in favor of the Joint Agreement of Merger" will have a right of appraisal. A shareholder could readily assume that if the proxy were returned to management in advance of the vote, it would give the company "written notice of his dissent * * * prior to the vote." The solicitation did not say a proxy marked "Against" and sent to the company in advance of the time for vote would not suffice, and that in order to "dissent"

the shareholder must file still a second paper which need merely state again that the shareholder opposes the proposal.

Thus the corporation complicated the scene by what it did and by what it failed to say. It created a situation in which a proxy marked "Against" became ambiguous. One shareholder could think a proxy so marked meant a vote against the merger but without a demand for appraisal and payment if the proposal should be carried. Another shareholder could as readily think, as plaintiffs here contend, that a proxy so marked, if returned to the company in advance of the vote, informed the company that appraisal and payment were sought if the merger ensued. The ambiguity was of the company's making and should be resolved against it.

■ Defendant cites *F. S. Moseley & Co. v. Midland–Ross Corporation,* 40 *Del. Ch.* 245, 179 *A. 2d* 295 (*Sup. Ct.* 1962), and *Friedman v. Booth Fisheries Corporation,* 28 *Del. Ch.* 211, 39 *A. 2d* 761 (*Ch.* 1944), in both of which the proxy was found not to constitute "written objection" within the meaning of the Delaware statute entitling a shareholder to an appraisal. Defendant says the Delaware statute does not differ significantly from our own. This seems to be so. Neither case, however, dealt with the question whether a corporation which solicits a proxy in the manner before us should be heard to say the proxy is not a "written objection" within the meaning of the Delaware law. In any event, we believe our view of the present situation is in keeping with the policy that our statute be construed liberally in favor of the dissenting stockholder. *Bache & Co. v. General Instrument Corp.,* 42 *N. J.* 44, 51 (1964). It is fair and wholesome to require a corporation to speak clearly when it deals with its shareholders.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL and SCHETTINO.—5.

*For reversal*—None.